HUGO HERCHENBACH v. THE STATE.

*No. 670.   Decided February 9.*

1. **Selling Intoxicating Liquors to Minor—Refused Instruction—Limitation of Prosecution.**—On a trial for selling intoxicating liquor to a minor, appellant requested a special charge, to the effect, that the proof must show the sale was made on some particular day, week, or month. *Held*, the charge was properly refused, as the proof was only required to show the sale within the two years' statutory limitation.

2. **Exclusion and Admission of Testimony—Practice—Bill of Exceptions.**—Objections to the admission or rejection of evidence must have been perpetuated in bills of exceptions in order to be available on appeal.

3. **Same—Consent of Parent.**—The fact that a minor has neither parent nor guardian to give their written consent to a sale of liquor to him, does not justify it. The sale must be backed by the written consent of some person authorized to give such permission.

APPEAL from the County Court of Archer. Tried below before Hon. S. A. DENNY, County Judge.

Appellant was convicted of selling liquor to a minor, and his punishment assessed at a fine of $25.

No statement necessary.

*Marberry & Taylor*, for appellants.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for selling beer to Barney Ablen, he being a minor. The charge of the court was correct in every particular. A special charge was requested by appellant, to the effect, that the proof must show that the sale was made on some particular day, week, or month; that it would not suffice to prove that it was made within two years. This was properly refused. The proof shows that the sale was within two years, within limitation. In motion for new trial, complaint is made because of the reception of certain testimony, and because the court did not exclude certain testimony. These matters must be reserved by bill of exceptions, unless objections to evidence are reserved in the statement of facts, which was not done. The newly discovered fact, namely, that the minor had neither parent nor guardian, etc., would not avail defendant. The sale must be backed by a written consent of some person authorized to give such permission. The court required the jury to find, that appellant knew when the sale was made that Barney Ablen was a minor. They found against appellant, and we can not disturb their verdict.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.