### John Janca v. The State.

#### No. 3993.   Decided May 5, 1909.

**1.—Murder—Bill of Exceptions—Practice on Appeal.**

Where upon appeal from a conviction of murder the record showed no bills of exception to the introduction of evidence during the trial, objections on this ground could not be raised for the first time in the motion for new trial.

**2.—Same—Murder in the First Degree—Death Penalty—Sufficiency of the Evidence—Recent Use of Intoxicants.**

Where upon trial for murder the evidence showed that the defendant, some time after midnight, got his gun and shot and killed his wife; that he had made threats to kill her, etc.; and the court submitted a fair and full charge on the facts; and also a charge covering the evidence in regard to the voluntary recent use of intoxicants by the defendant, the verdict assessing the death penalty will not be disturbed.

Appeal from the District Court of Fayette. Tried below before the Hon. L. W. Moore.

Appeal from a conviction of murder in the first degree; penalty, death.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of murder in the first degree, and was given the death penalty for the murder of his wife.

Appellant reserved no bills of exception during the trial.

1. The matters set up in the first ground of the motion for new trial can not be considered for the reason above stated—they are not verified by a bill of exceptions. They pertain to matters occurring during the introduction of the evidence of the witness Schwenke. It is unnecessary to go into a discussion of the matters set up for the reason above stated.

2. The remaining ground of the motion is the alleged insufficiency of the evidence. The record discloses that, on the day preceding the homicide, at night, appellant and his wife had been to town. Appellant was drinking some, and by some of the testimony he is shown to have

been drinking considerably, though the testimony all indicates that he was fully aware and conscious of what he was doing. It is further shown that he was unkind to his family, his children testifying that the unkindness was principally confined to occasions when he was under the influence of intoxicants. On the evening preceding the homicide he quarreled with his wife, the reason for which is not stated, and seems to have been unknown to the witnesses, who were his children. After supper he and his children, or some of them, at least, engaged in a social game of cards until after midnight. During the evening or night he took drinks of whisky. While this game was in progress his wife was lying on a bed in the room asleep. Sometime after midnight, the game of cards being ended, the family retired. Appellant got his gun and brought it in the room where his wife was sleeping and lay down. He got up later, secured cartridges, and went to the bed where his wife was. Subsequently he loaded the gun with a cartridge and returned to the bed, and requested his daughter, who was lying in bed with his wife, to move so that he might not shoot her. The girl testified that her feet were at the end of the bed where lay her mother's head; that appellant got his gun and shot his wife, the shot taking effect in the face and head. There was evidence showing that on one or more occasions prior to this he had threatened to kill his wife. There is also evidence tending to show that he was seeking an opportunity the same night to kill one of his sons. The killing occurred sometime after midnight, and appellant left the house. He was found the next day not far away, having the gun with him which he used in taking the life of his wife. This is a minimized statement of the facts. The court seems to have given a full and fair charge. At least, there is no complaint that the charge was not full and fair. To the jury was submitted the issues of murder in the first and second degree. The court gave a charge covering the evidence in regard to the voluntary recent use of intoxicants in accordance with the terms of article 41 of the Penal Code.

The jury have thought proper to inflict the severest penalty known to the law. After a careful review of the record in the light of the complaints made and urged by appellant in his motion for new trial, we are not prepared to say their verdict was erroneous. Therefore the judgment is affirmed.

*Affirmed.*