## JAMES B. HOLMES V. THE STATE.

No. 9924.   Delivered March 17, 1926.

Rehearing denied April 21, 1926.

1.—Possessing Intoxicating Liquor—Search Warrant—Not Shown Defective.
    Where, on a trial for possessing intoxicating liquor for the purpose of sale, objection is raised to the validity of the search warrant, and appellant's bill does not contain the search warrant, and wholly fails to point out any manner in which the search warrant is defective, no error is presented.

2.—Same—Bill of Exception—Incmoplete—No Error Presented.

    Where bills of exception present objections to the search of appellant's car, and merely state that the testimony was objected to, and that testimony relative to what was done under said search warrant was objected to, and same do not state the grounds of objections made, they are wholly insufficient to show any error.

3.—Same—Continued.

    And also appellant's objection to the introduction of the liquor in question, the grounds of the objection being that it was seized under an illegal search warrant, and because all of the evidence seized was not there, does not intelligently present any matter for review.

### ON REHEARING.

4.—Same—Search Warrant—Signature of Affiants—Held Sufficient.
    Where a search warrant is otherwise sufficient, the fact that the signatures of the signers of same appear below, instead of above the jurist, does not vitiate the instrument.   See Cyc. of Law & Proc., Vol. 36, p. 449.

5.—Same—Bill of Exception—Requisite of.

    It is well settled in this state that a bill of exceptions must set forth the objection urged, and that no bill will ordinarily be reviewed if it fails to set forth the objection urged, also that a mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that an objection was made.   The defendant should incorporate so much of the evidence in the bill as would verify the truth of the objection.   Failing to comply with these rules, appellant's bills Nos. 2 and 3 present no error. See Branch's Ann. P. C., Sec. 209.   Following Mayo v. State of Texas, Crim. App., 349, and other cases cited.

6.—Same—Evidence—Held Admissible.

    Where an officer, acting by virtue of a search warrant, seized an automobile in appellant's possession, and discovered a part of the whiskey, and retained possession of the car, there was no error in permitting another officer, who later searched the car, to testify that he found an additional 140 quarts of liquor concealed in the car.

7.—Same—Defensive Theory—Covered in Main Charge—Requested Charge
      —Properly Refused.
    Where the defensive issue presented in a requested special charge is

properly carried by the main charge, it is proper practice to refuse the special charge.

### 8.—Same—Continued.

Where appellant's defensive theory that he was in possession of the car, and whiskey only as agent, for one Hill, he would be guilty, under the law, if he had the possession for the purpose of sale, by himself, or if it was in his knowledge that the possession of Hill was for the purpose of sale. See Art. 666 P. C., 1925.

BERRY, JUDGE.—The offense is the possession of intoxicating liquor for the purpose of sale, and the punishment is two years in the penitentiary.

The first bill of exceptions complains at the court's action in permitting the constable to testify to the search of the car which was in the possession of the appellant, his objection as stated in the bill is that the affidavit to the search warrant was not properly made out and not properly sworn to. This bill of exceptions is wholly insufficient to show any error. The search warrant itself is not contained in the bill and the bill of exceptions wholly fails to point out any manner in which the search warrant is defective.

Bill of Exceptions Nos. 2 and 3 seek to preserve appellant's objections to the introduction of the testimony of the witness Stagner as to the search of the car but the bills merely state that the testimony was objected to and that any testimony relative to what was done under said search warrant was objected to and same do not even state the grounds of the objections made, any further than above indicated. They are wholly insufficient to show any error.

Appellant also objected to the introduction of the liquor in question; the grounds of the objection being first that it was seized under an illegal search warrant and second because all of the evidence that was seized was not there. No facts are stated in this bill of exceptions which would authorize this court in holding that error was committed in receiving this testimony.

The special charge offered by the appellant was covered in, so far as it was applicable to the facts in this case in the court's main charge.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals, and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—An automobile in the possession of the appellant was searched and found to contain 350 quarts of whiskey. The whiskey was secreted in various parts of the car which seem to have been specially constructed or arranged for that purpose. Appellant testified that his home was in Kansas but that he was living in Fort Worth in September; that he was an automobile mechanic. The car at the time was on the highway in Van Zandt County. Appellant said that the car belonged to one Hill; that it was working badly and that rather than to have a stranger work upon it, Hill came to Fort Worth and secured the services of the appellant to go and repair it. According to his testimony, appellant accompanied Hill to the car which was parked in a farmer's yard. The car was not in a running condition. It was repaired by the appellant, and at Hill's suggestion, he undertook to drive the car back. Hill and the appellant started to Fort Worth, Hill driving the car in which he and the appellant had come from Fort Worth to Van Zandt County. Hill was not present when the arrest was made. Appellant said that he did not know the car was loaded with whiskey, but knew there was some in it. He had no interest in the whiskey. He expected pay for driving the car to Fort Worth. At the time of the arrest, he admitted to the officers that the car did have some whiskey in it.

Bill No. 1 shows that the appellant objected to the testimony of the officers to the alleged facts ascertained by them in searching the automobile "because the affidavit was not properly made out and not properly sworn to." The bill is silent touching the nature of the alleged defect in the form of the affidavit. In explaining the bill the court said that the affidavit was signed by two witnesses and was irregular only in that their signatures appeared below the jurat of the officer before whom the oaths were made. The location of the signature does not necessarily vitiate the instrument. See Cyc. of Law & Proc., Vol. 36, p. 449.

Bill No. 2 is to the effect that the appellant objected to the receipt in evidence of the testimony of the sheriff showing the contents of the automobile. The bill does not show more than that the objection was made. It fails to set out the objection, and in that particular is incomplete. See Mayo v. State, 7 Texas Crim. App., 349, and other cases collated in Branch's Ann. Texas,

. P. C., Sec. 208.   See also Smith v. State, 4 Texas Crim. App.,
630; Hennessey v. State, 23 Texas Crim. App., 355, and other
cases collated in Branch's Ann. Texas, P. C., Sec. 209.   In one
of these sections it is stated that a bill of exceptions will not
ordinarily be revised if it fails to set forth the objections urged,
and no objection will be considered that is not stated.   Another
section reads thus:

"A mere statement of a ground of objection in a bill of excep-
tions is not a certificate of the judge that the facts which form
the basis of the objection are true; it merely shows that such
an objection was made.   The defendant should incorporate so
much of the evidence in the bill as would verify the truth of his
objections."

The remarks just made with reference to Bill No. 2 are also
applicable to Bill No. 3.

It seems that when the car was first seized, there were found
something over 200 quarts of whiskey.   The sheriff took posses-
session of the car and the whiskey.   The car was put in a garage.
On the next day, there were found hidden in the car an addi-
tional 140 quarts of whiskey.   As we understand Bill No. 4, it
reflects an objection of the appellant to the receipt in evidence
of the testimony touching the 140 quarts of whiskey upon the
theory that inasmuch as they were not discovered at the time
and by the same officer that seized the car, it was not admissible
at all. . The testimony, as we understand it, does not support this
view; neither does the bill.   As we understand it, the officer
who seized the car had a search warrant, and upon searching
the car, discovered a part of the whiskey which it contained.   He
took possession, however, of the car and the remainder of the
whiskey, though he did not know it was there.   The fact that it
was subsequently discovered by another officer who did not have
a search warrant would not apparently militate against the
receipt of his testimony in evidence.

Complaint is made of the refusal of a special charge to the
effect that there could be no conviction unless the jury believed
from the evidence that the appellant possessed the whiskey for
the purpose of sale.   This instruction was in substance embraced
in the court's main charge.

The fifth paragraph of the charge reads thus:

"Now, if you believe from the evidence beyond a reasonable
doubt, that the defendant possessed one quart of intoxicating
liquors, or more, at the time and place charged in the indictment,
but you further believe from the evidence that the defendant

was in possession of the intoxicating liquors for one A. Hill, and that said intoxicating liquor was not in possession of the defendant for the purpose of sale by the defendant or the said A. Hill, or if you have a reasonable doubt as to whether the intoxicating liquor was for the purpose of sale, then you will give the defendant the benefit of such doubt and find him not guilty."

In the criticism of this charge, appellant urges that it is faulty in that it authorized his conviction if he possessed the liquor for sale or for Hill. We are unable to appreciate the force of this objection. Appellant was in possession of the whiskey and if it was for sale by him or within his knowledge for sale by Hill, his conviction would be authorized. If Hill was the owner of the whiskey, as the appellant claims, and if appellant was in possession of it for the purpose of sale for himself or for Hill, he would come within the purview of the statute which denounces the offense and would be a principal offender with Hill. See P. C., 1925, Art. 666.

We are impressed with the view that the disposition made of the case on the original hearing was correct.

The motion for rehearing is overruled.

*Overruled.*