## G. R. BURNS V. THE STATE.

No. 10417.   Delivered December 8, 1926.

**1.—Possessing Intoxicating Liquor—Statement of Facts—Not Signed by Judge—Cannot Be Considered.**

Where a statement of facts, brought forward in the record to this court is not approved by the trial judge, it cannot be considered a statement of facts. In this case, the statement of facts appearing in the record is signed by the attorneys, but is not approved by the trial judge, and cannot be considered. See Vernon's 1925 Ann. C. C. P., Art. 740, note 24.

**2.—Same—Bill of Exceptions—Incomplete—Presents No Error.**

Appellant, by bill of exception, complains of evidence introduced upon the trial, because same was obtained by virtue of an illegal search warrant, but the warrant is not incorporated in the bill, and none of the matters claimed as defective are certified by the judge as in fact existing, but are only set out as grounds of objection, such bill does not disclose error. See Vernon's 1925 Ann. C. C. P., Art. 667, note 23.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appeal is from conviction for possessing intoxicating liquor for the purpose of sale, the punishment being one year in the penitentiary.

We find in the record what purports to be a statement of facts. It is signed by the attorneys but is not approved by the trial judge. It cannot be considered. (For authorities see Vernon's 1925 Ann. C. C. P., Art. 760, note 24.)

A requested special charge was refused and exception reserved. The propriety, or otherwise, of the requested instruction depends on the evidence developed on the trial, and not being authorized to consider the facts before us we are not in a position to review the action of the court in the premises.

The only bill of exception found in the record complains at the court's refusal to instruct a verdict of not guilty, the reasons stated being that the state had failed to produce any incriminating evidence against appellant, and that such evidence as had been introduced was obtained by virtue of an illegal and defective search warrant. Various reasons are stated why the search warrant was claimed to be defective, but the warrant is not incorporated in the bill, and none of the matters upon which the claimed defects are based is certified by the judge as in fact existing but are only the grounds of objection. The authorities holding such a bill defective are numerous. (Many are collated in Vernon's 1925 Ann. C. C. P., Art. 667, note 23.) Neither is there incorporated in the bill of evidence claimed to be insufficient and having no statement of facts before us which we are authorized to consider we cannot appraise such complaint.

The record now before us demands an affirmance and it is so ordered.

*Affirmed.*