### RUSSELL PIERCE V. THE STATE.

No. 10580.        Delivered January 26, 1927.

**1.—Possessing Intoxicating Liquor—Evidence—Suppressing Testimony—Not Proper Practice.**

It is well settled, and has been so decided in a number of cases recently handed down by this court, that under our procedure it is not recognized as proper practice to suppress testimony on motion before same is offered in evidence on the trial.   Following Foster v. State, 282 S. W. 600.

**2.—Same—Bill of Exceptions—Incomplete—No Error Presented.**

Where appellant complains of the refusal of the court to quash the "affidavit and search warrant" and his bill of exception, fails to show that the affidavit does not describe the premises with sufficient accuracy, nor that the place to be searched is a private residence, nor set out the affidavit in the bill of exceptions, such bill is incomplete, and presents no error.

**3.—Same—Bill of Exception—Incomplete—No Error Presented.**

Where a bill of exception complains that appellant objected to the testimony of two officers when offered, on the ground that they could not know anything, except such facts as they might have obtained by the unlawful search of appellant's premises, it being obvious that the trial court could not know in advance what the testimony of the officers would be, he properly overruled the objection.

Appeal from the District Court of Harrison County.   Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty three years in the penitentiary.

The opinion states the case.

*H. T. Lyttleton* of Marshall, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Harrison County of possessing intoxicating liquor for purposes of sale, punishment three years in the penitentiary.

Officers having a search warrant went to the place of appellant. As they approached the house appellant was observed a short distance away. When he discovered the officers he ran behind the house, which was on a hill, and appellant's movements could be observed by looking underneath the house. The officers said they saw him run back of the house and pick up something and run to a smokehouse and apparently place the object under said smokehouse. When the officers got there they found under the edge of the smokehouse a gallon and a quart of whiskey. In the house they found two fifty-gallon barrels of mash and a heater, a fire being in the heater. Part of the whiskey was in a gallon bucket and part in a jug and fruit jar. The mash was made of meal chops, sugar and water, and the barrels were full. Fermentation was in process in the mash.

There is some testimony that after the officers discovered the liquor appellant tried to destroy the containers, and also tried to get one of the officers' pistols. Appellant's stepfather testified that he lived about three hundred yards from the house where the officers found the mash and whiskey and that appellant was staying at his house at night. The theory of the defense as made by the testimony of several witnesses, including appellant, was that if there was any whiskey at the house it was put there by a strange man who was seen, according to the defense witnesses, going toward the house with a tow sack shortly before the officers appeared on the scene.

There are five bills of exception in the record. Bill No. 1 complains of the refusal of the court to suppress testimony before the testimony was offered. Such procedure is unknown to our practice. Foster v. State, 282 S. W. 600.

Bill No. 2 complains of the refusal of the court to quash the "affidavit and search warrant" herein. The bill of exceptions is defective. Nothing therein appears showing that the affidavit does not describe the premises with any sufficient accuracy, save appellant's statement to that effect. Said bill does not assert that the place to be searched is a private residence. The affidavit referred to is not set out in the bill of exceptions. Under no authority known to us is the bill of exceptions sufficient. No error appears in the overruling of said motion.

There was no exception to the charge for its failure to submit the law of circumstantial evidence, and no special charge was presented containing the law of such issue. To raise such matter in the motion for new trial for the first time is not sufficient. This is the complaint set forth in bill of exceptions No. 4.

Bill of exceptions No. 5 is as follows:

"Be it remembered that on the trial of the above entitled and numbered cause, in the said court had the defendant objected to the introduction of the testimony of the witnesses, C. M. Ezell and Willie Smith, because the said witnesses knew and would testify to no new facts except such as they may have obtained by the unlawful search of the defendant's premises and the court overruled the said objection and refused the same. To which action of the court defendant then and there excepted," etc.

Manifestly a bill of this character which sets out no testimony of any witness is too general to be considered. If we are able to comprehend what was done, as referred to by this bill, it would appear that the appellant made the objection to the testimony of each of said witnesses when offered upon the ground that they did not know anything and could not testify to anything except such facts as they might have obtained by the unlawful search of appellant's premises. It appears evident that the court could not know in advance what the testimony of the officers would be, and properly overruled such objection. There are no other exceptions.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*