## W. H. FISHER V. THE STATE.

### No. 10663.   Delivered June 1, 1927.

### Rehearing denied June 24, 1927.

1.—Possessing Intoxicating Liquor — Bill of Exception — Incomplete — No Error Shown.

Where, on a trial for possessing liquor, appellant complains that the search warrant, under which the search of his premises was made, is indefinite in describing the person and place, and because it was based upon an affidavit upon information and belief, and his bill fails to set out either the search warrant or affidavit, no error is discoverable.

2.— Same — Continuance — Absent Testimony — Not Material — Properly Refused.

There was no error in refusing appellant's application for a continuance on account of the absence of his wife, her testimony as set forth in his motion not being shown to be material for his defense.

3.—Same — Evidence — Declaration of Appellant — Res Gestae — Properly Admitted.

Where appellant was found in possession of whiskey, and when confronted by officers admitted that it belonged to him, and that he had sold but three pints, his statement, though made under arrest, was res gestae, and properly admitted.

4.—Same—Bill of Exception—Qualified by Court—No Error Shown.

Where appellant complains of the introduction in evidence of an affidavit for a search warrant, and his bill is qualified by the court with the statement that the affidavit was not introduced before the jury, but solely for the inspection of the court, no error is presented.

ON REHEARING.

5.—Same—Bill of Exception—Sufficiency Of—Rule Stated.

In Branch's Ann. P. C., Sec. 207, the rule with reference to the sufficiency of a bill of exception is stated to be "A bill of exception should be made so full and certain in its statements as that, in, and of itself, it will disclose all that is necessary to manifest the supposed error." This rule is supported by so many authorities that this court cannot depart from it. Also see Note 31, Art. 667, Vernon's C. C. P., Vol. 2.

*o*

6.—Same—Continuance—Properly Refused.

Where appellant was found in possession of thirty-one pint bottles of whiskey and seventy-five bottles of choc beer, and admitted to officers that he had sold three pints of the whiskey, there was no error refusing him a continuance on account of the absence of his wife in order to prove by her that the liquor was for her use as medicine.

Appeal from the District Court of Carson County. Tried below before the Hon. W. R. Ewing, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty two years in the penitentiary.

The opinion states the case.

*O'Keefe & Douglass* and *James Spillers* of Panhandle, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The possession of intoxicating liquor for the purpose of sale is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

Allen Johnson, a deputy sheriff and four other officers, searched the tent occupied by the appellant in which they discovered a quantity of corn whiskey and "choc beer." There was no one present, but the appellant, who declared that the liquor belonged to him.

We find six bills of exceptions in the record.

In bill No. 1 the sufficiency of the search warrant is challenged because it is indefinite in describing the person and place, and because it was based upon an affidavit upon information and belief alone, accompanied by no facts. Touching the bill, however, we find ourselves embarrassed because neither the affidavit nor the search warrant is set out in the bill, nor is the substance of them given. The bill is directed entirely to criticisms, that is, objections made.

Bill No. 2 is a complaint of the overruling of the application for a continuance to secure the testimony of the appellant's wife, who it is charged was in the State of Colorado for her health, having gone there some six days before the arrest was made. The materiality of the testimony is questioned for the reason that in the appellant's possession at the time of his arrest there was found a quantity of intoxicating liquor of which he, at the time, declared himself the owner.

Bill No. 3 preserves an objection to the testimony of the officers touching the result of the search, based upon the ground that the affidavit for the search warrant was defective in that it was based upon information and belief and fails to set out the facts upon which the belief was founded. This bill, however, like bill No. 1, consists merely of objections to the testimony based upon claimed defects in the affidavit, and the warrant, and fails to give either in detail or substance the contents of either. It is necessary that the facts upon which the criticisms of the action of the court is based be brought forward in a bill of exceptions under the certificate of the trial judge.

In bill No. 4 complaint is made of the receipt in evidence of the declarations of the appellant at the time the whiskey was discovered, in which he said that the whiskey found belonged to him; that he had sold but three pints; that he was trying to get on his feet; that he would like to fix it up with the officers as he did not want to go to jail; that he got the whiskey from a man from Colorado or New Mexico. To the receipt of this testimony the objection was urged that the appellant, while not under arrest, was under restraint and practically in custody, and that its receipt was inhibited by the confession statute. If we properly comprehend the matter, however, it was res gestae.

In bill No. 6 there is complaint of the introduction in evidence of an affidavit made by O. L. Thorp and A. S. Johnson, charging on information and belief that an unknown person in a designated place possessed intoxicating liquor for the purpose of sale. The bill recites that this affidavit was introduced in evidence. Objection was urged against it *that it was hearsay*.

In view of the testimony, which is undisputed, showing the possession of a quantity of intoxicating liquor for the purpose of sale, the mere fact that an affidavit charging that to be true was *hearsay* would not warrant a reversal of the judgment. However, as qualified, the bill shows that the affidavit was not introduced in evidence before the jury but solely for inspection by the court. The jury knew nothing of the contents of the document.

The judgment is affirmed.                              *Affirmed*.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that we should consider his bills of exception relating to the affidavit for search warrant. It is with genuine regret we must decline to do so. The prin-

ciple stated by Mr. Branch (Sec. 207 Branch's Ann. Tex. P. C.) is supported by so many authorities we do not feel at liberty to depart from it.  We quote Sec. 207:

"A bill of exceptions should be made so full and certain in its statements as that, in and of itself, it will disclose all that is necessary to manifest the supposed error."

Many cases in addition to those cited by Mr. Branch will be found collated under Note 31, Art. 687, Vernon's C. C. P., Vol. 2, all in accord with the rule quoted.  The question of law sought to be presented for review was decided in Chapin v. State, (No. 10670, opinion June 22, 1927.)

We have again reviewed appellant's contention that it was error to refuse his application for continuance on account of the absence of his wife by whom it was averred he expected to prove the intoxicating liquor found was for her use as medicine. The officers found thirty-one pint bottles of whiskey and seventy-five bottles of choc beer, which was conceded to be intoxicating. Appellant told the officers at the time the liquor was found that it belonged to him and admitted having sold three pints of whiskey. The testimony of the officers to such admission was not questioned, appellant offering no evidence to combat it.  Under this state of facts we are not able to grasp the materiality of the wife's proposed testimony that the liquor was for her use for medicinal purposes.

The motion for rehearing is overruled.

*Overruled.*