AUGUST LEVINE V. THE STATE.

No. 11385.   Delivered February 22, 1928.

Rehearing denied April 11, 1928.

1. — **Transporting Intoxicating Liquor — Charge of Court — Defensive Theory—Not Raised by Evidence.**

Where, on a trial for transporting intoxicating liquor, it was shown that appellant and one Slim Smith were acting together in the commission of the offense, testimony that Smith was the man carrying the whiskey in question in a sack, would not exculpate the appellant, and there was no error in the refusal of the court to so charge.

2.—**Same—Bills of Exception—Incomplete—Present No Error.**

Where a bill of exception complains of the admission of testimony of an officer as to what was found on appellant's premises after his arrest, because said officer was not armed with a legal search warrant, and the affidavit and search warrant are not set out in the bill, and the illegality of the search is set forth as mere statements of the ground of objections, the truth of which is not verified by the court, such bill is insufficient to present error.  See Plunk v. State, 265 S. W. 158, and other cases cited in original opinion.

**3.—Same—Evidence—Held Sufficient.**

On careful re-examination of this record it very clearly appears that the appellant and one Smith were acting together in the transportation of intoxicating liquor, but we perceive no testimony which would warrant the acquittal of the appellant upon the ground that Smith alone was the offender, and there was no error in the refusal of the court to so charge.

Appeal from the District Court of Robertson County. Tried below before the Hon. W. C. Davis, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Bush & Parten* of Franklin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense unlawful transportation of intoxicating liquor, penalty one year.

An officer on the premises of appellant observed him and a third party approaching. When these parties saw the officer they started running and refused to stop when commanded. When appellant reached a fence he took a sack, which he had in his right hand, and struck it twice against the fence and threw it over the fence. Appellant was apprehended and arrested thereafter. Returning to the point where appellant was seen to strike the fence, the officer found what he testified was the identical sack with one whole jar of whiskey in it unbroken and three jars broken all to pieces.

Appellant introduced a witness who testified that he saw one Slim Smith in appellant's presence drop something in a sack near the fence and afterwards saw appellant when the officers got after him run up and hit something in a sack against the fence. It was appellant's theory that the sack which the officer afterwards found near the fence containing the whiskey was placed there by Smith and that he was entitled to an affirmative presentation of this theory to the jury by an instruction to acquit appellant if these facts were found to be true. We do not agree with this contention. If appellant and Smith were unlawfully acting together as principals in the transportation of intoxicating liquor, as the record suggests they were, they were each and both guilty. In other words, the testimony does not present a defensive matter which necessarily entitled appellant to an acquittal, as pointed out by appellant's objections and

exceptions to the charge. The court charged on circumstantial evidence and appellant may have been entitled to a charge on principals but this defect in the court's charge was nowhere pointed out and was not brought forward for review.

Many bills of exception were taken to the evidence of the officers as to what was found on the premises after his arrest, because the said officer was not armed with a legal search warrant. The affidavit and search warrant are not set out in the bills and the illegality of the search is set forth as mere statements of the ground of objections, the truth of which is not verified by the court. We are unable to determine from the face of the bills whether or not the search was illegal and nothing is therefore presented which we are able to review. Plunk v. State, 265 S. W. 158; Murff v. State, 281 S. W. 1076. We are inclined to the opinion that the facts show a legal right in the officer to arrest appellant which generally carries with it the right to search without a search warrant. Agnello v. U. S., 269 U. S. 20, 70 L. Ed. 145; Hodge v. State, 298 S. W. 573.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the light of the appellant's motion for rehearing we have made the most careful examination of the statement of facts and the record of which we are capable.

From the testimony of the state's witnesses, it is made manifest that the appellant and Slim Smith, while approaching the appellant's house, observed an officer and fled, taking different courses. Appellant had a sack in one hand and a package in the other. Whether Smith was carrying anything the officer could not say. Just before the officer overtook the appellant he struck the fence several times with a sack which he had in his hand, and then threw the sack over the fence to the east side. The officer observed the odor of whiskey, arrested the appellant and conducted him to his home, and then returned to the place of the arrest and picked up an article which he described as a "tester." He returned to the house and in a short time there-

after, in company with another officer, went to the place where the sack was thrown and picked up a sack containing a jar of whiskey, some broken glass and three jar tops. The sack, ground and fence all bore evidence of having had whiskey spilled upon them.

From the appellant's witness, Holliday, it was shown that before the arrest, he observed Smith deposit something on the east side of the fence about fourteen feet from the appellant, who was near the fence. According to Holliday, after depositing the object in the brush, Smith had a conversation with the appellant. He saw them approach the appellant's house and saw them run upon observing the officer. Smith had been sojourning at the appellant's home. On his direct examination, Holliday said that he saw nothing in the hands of the appellant, but on cross-examination, said that as the appellant started to run, he had a sack in his hand until he got to the fence; that Smith also had something in his hand and was going in another direction; that he had something on his shoulder like a sack. He also said that he saw the appellant strike the fence with a sack two or three times just before the officer reached him. Tarver, another witness, testified that on the day after the arrest of the appellant, he and the witness went to a point inside of the field (which would be on the west side of the fence) and there found a sack which had some broken glass and three jar tops in it.

Appellant contends that his defensive theory, namely, that Smith was the offender, was not submitted to the jury. The evidence seems conclusive from both the state and the appellant's witnesses that the appellant possessed a sack; that he struck it against the fence several times; that he threw it over to the east side of the fence about the time the officer reached him; that the officer, soon after the arrest, found it and identified it upon the witness stand; that it contained a jar of whiskey, some broken glass and jar tops. If it be conceded that Smith also had a sack with whiskey in it, that fact would not exculpate the appellant. The evidence supports the theory that they were both transporting whiskey; that they were acting together as principals in whatever was done, but we perceive no testimony which would warrant the acquittal of the appellant upon the ground that Smith alone was the offender.

The motion is overruled.

*Overruled.*