ROY GONCE v. THE STATE.

No. 12162.   Delivered January 9, 1929.
Rehearing denied March 13, 1929.

The opinion states the case.

*Fred K. Spurlock* and *Taylor, Muse* and *Taylor* of Wichita Falls, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing a still for the purpose of manufacturing intoxicating liquor; punishment, three years in the penitentiary.

A party of men went to a house situated about twenty-five miles from Henrietta. Members of the party testified they saw appellant looking at a pressure tank out in the yard. The party went on down to a river looking for a still but returned some hour or two later to the house. Appellant was in the yard but the pressure tank was gone. They asked appellant in regard to who had charge of the barn and outhouses, and he told them that he had nothing to do with them,—that they belonged to another man. They asked him if they might go into the barn an search, and testified that appellant replied that it was nothing to him. They forcibly entered the barn and found in it a large still in operation. A fire was under the boiler and whisky was running out of the still. There was a cooling tank, said to be a thousand gallon tank; also a barrel of whisky and other paraphernalia. The pressure tank was in the barn at the time and was connected by a hose leading to an under-ground tank. The barn was locked when the officers attempted to enter. At a later date, apparently the next morning, two other officers went back with a search warrant and searched the garage on said premises. They found a quantity of copper pipe, pieces of sheet copper, copper tubing, a quantity of corks, a copper container for whisky, a capper and caps, a large quantity of sugar and a hydrometer. In another outhouse they found a bunch of soldering tools, and a lot of solder and heating apparatus for use in soldering pipe. There was also a sack of charcoal. On one side of the residence there was a tank or pond of water from which a water line ran to the residence, and then another water pipe went from the residence in opposite direction down to the barn where the still was found. The hydrometer found was an instrument used for testing whisky and alcohol. The hydrometer was found in the dwelling house occupied by appellant. Appellant testified that some time before this search he had sub-leased the premises to one Bob Kiser, reserving only the occupancy of the the dwelling till he could get another place, and that he had no connection with or knowledge of what was in the barn or other outhouses.

There are six bills of exception. Bills Nos. 1a, 2 and 4 set up objections to the testimony of the officers as to what they found in the barn on the occasion of their search of same. It appears that the affidavit for the search warrant, used by the officers upon the occa-

sion of their second visit to the premises, was bad in law by reason of the fact that it was made on information and belief, but we note that the matters contained in the bills of exception last mentioned were found by the officers in the barn on the occasion of the first search, at which time they had no search warrant. Each of these bills is qualified at some length by the statement of the trial court, which appears to be verified by the facts in the case, to the effect that he admitted the testimony because appellant told said officers at the time that he had nothing to do with the barn in question and had no control over the same. Authorities are numerous in this State to the effect that no person has a right to interpose an objection to a search save some person who is entitled to the right of possession of the premises so searched, who therefore has a right to consent or forbid such search of his own private dwelling. Laake, 108 Texas Crim. Rep. 566; Craft v. State, 295 S. W. Rep. 617; Dennis v. State, 108 Texas Crim. Rep. 672. We think these three bills manifest no error.

Bill of exceptions No. 3 sets out objections made to the testimony of Mr. Watson as to what was found in the garage and other outhouses and the residence itself. This bill of exceptions is defective. Same sets out the objections that were made to the testimony, all of which relate to the insufficiency of the affidavit and search warrant, but the bill wholly fails to set out any affidavit either in words or substance, and likewise fails to set out the search warrant. It is well settled that any error complained of must be made manifest by the bill of exceptions presenting the complaint, and this court will not undertake to look to any other part of the record to ascertain whether the complaint is well founded. Being unable to determine from the bill itslef whether the objections were well taken, we are of opinion this bill shows no error.

Bill No. 5 was taken to the argument of the State's attorney in that he told the jury that principals were persons who acted together in the commission of a crime. Nothing in the bill shows the connection in which this argument was made, or how or why it was used. A bill merely setting out that State's attorney made to the jury a statement of law which appears to be in general correct, without further making known to this court some reason, or some showing in fact that in the particular case an argument of that kind was unwarranted or injurious, would call for no unfavorable action on our part.

194

The first bill of exceptions was merely a general statement that appellant desired a bill to all the things set up in his other bills and is not sufficient to call for a discussion on our part.

No error appearing in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In our original opinion we inadvertently said that appellant's punishment was for one year in the penitentiary, when in fact it was for three years. This mistake has been corrected in the original opinion.

Appellant complains seriously in his motion for rehearing because his bill of exception number three was held defective. We do not think it necessary to enter into any extended discussion of the matter. We cite the following as a few only of the cases in which this court has directly held that a bill of exception complaining of the receipt in evidence of discoveries made by officers acting under what were claimed to be defective search warrants or affidavits were insufficient unless such bills certified the substance of said instruments or set out the affidavit or warrant. Holmes v. State, 104 Tex. Cr. R. 42, 282 S. W. 585; Burns v. State, 105 Tex. Cr. R. 393, 288 S. W. 1087; Pierce v. State, 106 Tex. Cr. R. 116, 290 S. W. 1095; Buchanan v. State, 107 Tex. Cr. R. 559, 298 S. W. 569; Fisher v. State, 107 Tex. Cr. R. 383, 296 S. W. 545; Levine v. State, 109 Tex. Cr. R. 331; Ford v. State, 9 (2d) S. W. 344. In the present bill the claimed defects appear only as grounds of objection.

The motion for rehearing is overruled.

*Overruled.*