PRIDE JENKINS v. THE STATE.

No. 12970.   Delivered January 29, 1930.
Rehearing denied March 5, 1930.
Reported in 24 S. W. (2d) 1092.

The opinion states the case.

*W. C. Boyd* of Denton, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

State's witness Bud Swanks testified that he went to the home of appellant about 12:30 o'clock in the morning and bought a half gallon jar full of whiskey. Departing from appellant's home he was apprehended by officers and the whiskey taken away from him. A few hours later on the same morning these officers searched appellant's residence where this whiskey was bought and there found three half gallon jars of whiskey.

The only law point presented for review is the alleged error of the Court in refusing to require the State to elect upon which of these transactions it would ask for a conviction. The offense charged is composed of two elements, namely: (1) The possession of intoxicating liquor, and (2) possession for the purpose of sale. Evidence of a sale is admissible in proof of the latter element. We regard the proof as showing in this case not two distinct possessions but only one. The offense by its very nature is a continuous one and the testimony introduced is so related in point of time and place as to show, we think, one continuous possession by appellant. To illustrate the point in mind, A is indicted for the offense of possession of intoxicating liquor for the purpose of sale and the proof shows that he sold to B, C and D at different times on the same day a quart of intoxicating liquor, which he obtained from a twenty gallon cask. Has the State proved three unlawful possessions or only one? Obviously we think the State shows by three transactions one possession and only one violation of the statute denouncing possession of intoxicating liquor for the purpose of sale. Only one conviction for possession could be had under such circumstances. Piper v. State, 53 Tex. Crim. Rep. 550. So in this case appellant by proof of two transactions separated by only a few hours is shown to be in possession of four half gallon jars of whiskey at the same place. Under such facts the offense being a continuous one, no election is required. Golden v. State, 72 Tex. Crim. Rep. 23; Sisk v. State, 42 S. W. 985; 16 C. J., Paragraphs 2969 and 2172; Warrick v. State, 62 Southern 343; Treadwell v. State, 53 Southern 290.

This being the only law question properly presented for review and the evidence being sufficient, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that he was entitled to a charge relating to suspended sentence although he was shown to be more than twenty-five years of age. The statute (Art. 689, P. C. 1925) and decisions thereunder are against appellant's proposition. (See authorities collated in Notes under said Art. 669, in Vernon's Ann. Tex. P. C., Vol. 1.)

Bills of exception attacking the affidavit for search warrant, and the admission of evidence found by virtue of it were not considered because in none of the bills is the said affidavit brought forward. In this condition the bills are incomplete. Pierce v. State, 106 Tex. Cr. R. 116, 290 S. W. 1095; Holmes v. State, 104 Tex. Cr. R. 42, 282 S. W. 585; Fisher v. State, 107 Tex. Cr. R. 383, 296 S. W. 545.

The motion for rehearing is overruled.

*Overruled.*