LESTER MORGAN v. THE STATE.

No. 13125.   Delivered March 19, 1930.
Rehearing denied April 30, 1930.
Reported in 27 S. W. (2d) 208.

The opinion states the case.

*Wallace Hughston* of McKinney and *E. M. Barron* and *O. E. Reed,* both of Sherman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

The facts seem ample to support the verdict, and we perceive no advantage in setting them out at length or in detail.

There are a number of bills of exception, each of which has been carefully examined. Several of these bills complain of testimony, the reception of which was objected to because of supposed defects in the affidavit and search warrant. Neither the affidavit nor the search warrant referred to are made parts of or exhibits to any of said bills. This is uniformly held necessary in order to bring about the consideration of such objections. We might, in this connection however, remark that we have examined the search warrant and the affidavit therefor which appear in the record but not as part of or exhibits to any bill of exception—and are of opinion that said instruments are in accordance with the requirements of the statute. It would be but lengthening the opinion to set out in detail the objections in the various bills based on the ground above mentioned. This disposes of bills of exception 1, 2 and 3.

Another bill complains of the reception of testimony of the finding of empty bottles which had had whisky in them, and also of another quantity of whisky found at the same time and near the same place. The ground of objection was that appellant was being tried for possessing parts of two pints of whisky and for having a half gallon. Such grounds of objection are in no way verified by the trial court, nor can the correctness of same be appraised by this court. Another bill complains of the fact that the evidence found by the officers upon the occasion of their search, in the form of bottles, whisky, etc., was brought into the court room and exhibited to the jury and permitted to remain during the trial. To assert that this was unwarranted, was prejudicial, inflammatory and unnecessary, brings nothing tangible before us which we can review. Complaint appears in another bill of exception of the refusal of a written instruction to the jury to the effect that if they believed appellant was in possession of the alleged liquor for any other purpose than sale, they should acquit. The only other purpose of possession finding support in the record was that it was had for medicinal purposes. The law relative to this issue was fully submitted in the main charge.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

16

HAWKINS, JUDGE.—Appellant questions our refusal to consider certain of his bills of exception because neither the search warrant nor the affidavit therefor were incorporated in the bills. From Gonce v. State, 112 Tex. Cr. R. 191, 14 S. W. (2d) 845, we quote:

"We cite the following as a few only of the cases in which this court has directly held that a bill of exception complaining of the receipt in evidence of discoveries made by officers acting under what were claimed to be defective search warrants or affidavits were insufficient unless such bills certified the substance of said instruments or set out the affidavit or warrant. Holmes v. State, 104 Tex. Cr. R. 42, 282 S. W. 585; Burns v. State, 105 Tex. Cr. R. 393, 288 S. W. 1087; Pierce v. State, 106 Tex. Cr. R. 116, 290 S. W. 1095; Buchanan v. State, 107 Tex. Cr. R. 559, 298 S. W. 569; Fisher v. State, 107 Tex. Cr. R. 383, 296 S. W. 545; Levine v. State, 109 Tex. Cr. R. 331; Ford v. State, 9 S. W. (2d) 344. In the present bill the claimed defects appear only as grounds of objection."

Appellant also refers us to the statement of facts claiming that it reveals improper cross-examination of appellant which amounted to putting in issue his general reputation by the state. It is conceded that no objection thereto is brought forward by bill of exception, but that complaint was made thereof in motion for new trial. The complaint thus made came too late. We quote from Gann v. State, 109 Tex. Cr. R. 640, 6 S. W. (2d) 751:

"In his motion for rehearing appellant again complains at the reception of certain evidence. If exception was reserved to the court's ruling upon such matters during the trial, the complaint is not brought forward by proper bills. Apparently appellant sought to preserve the point by complaint in his motion for new trial. By an unbroken line of authority this cannot be done. Owens v. State, 4 Tex. App. 153; Herchenbach v. State, 34 Tex. Cr. R. 122, 29 S. W. 470; Brazil v. State (Tex. Cr. App.), 63 S. W. 130; McCasland v. State (Tex. Cr. R.) 70 S. W. 547; Janca v. State, 56 Tex. Cr. R. 100, 119 S. W. 99; Ellis v. State, 57 Tex. Cr. R. 601, 124 S. W. 667; Davis v. State, 69 Tex. Cr. R. 86, 154 S. W. 226; Ward v. State, 70 Tex. Cr. R. 393, 159 S. W. 273, in which a long list of additional authorities are collated. Later cases to the same effect are Boone v. State, 90 Tex. Cr. R. 374, 235 S. W. 580; Howard v. State (Tex. Cr. R.) 1 S. W. (2d) 289; Cuellar v. State (No. 11, 910, opinion this date;) 7 S. W. (2d) 565."

The motion for rehearing is overruled.

*Overruled.*