GRADY HARLAN v. THE STATE.

No. 13497. Delivered June 4, 1930.
Reinstated June 26, 1930.
Affirmed October 8, 1930.
Rehearing denied November 12, 1930.
Reported in 32 S. W. (2d) 184.

The opinion states the case.

*G. O. Crisp* of Kaufman, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor; punishment, one year in the penitentiary.

Our attention is drawn to the fact that the bail bond herein was approved only by the sheriff, and nowhere bears the approval of the trial court. The statute upon this is very plain. See Art. 818, C. C. P. The appeal will be dismissed, but the appellant may reinstate same by filing with the clerk of this court within fifteen days from the entering of this order of dismissal, a new appeal bond conditioned and approved as directed by law.

The appeal is dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE.

CHRISTIAN, JUDGE.—The appeal was dismissed at a former day of the term because of an insufficient appeal bond. A sufficient bond, properly approved, having been timely filed, the appeal is reinstated and the case will stand for later consideration on its merits.

*Reinstated.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

CHRISTIAN, JUDGE.—The appeal was dismissed at a former term, but later reinstated. The case is now considered on its merits.

Operating under a search warrant, officers discovered a large quantity of whisky in a house occupied by appellant.

Appellant interposed objection to the testimony of the officers touching the result of the search on the ground that the place searched was the private residence of appellant and that the affidavit for the search warrant was made by only one person. The bills of exception attacking the affidavit and admission of the testimony touching the result of the search fail to set out the affidavit in substance or in detail. It is stated, as a ground of objection, that the affidavit was made by one person and that the place searched was appellant's private residence. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Penal Code, Section 209; Jenkins v. State, 24 S. W. (2d) 1092; Fisher v. State, 1 S. W. (2d) 301; Buchanan v. State, 298 S. W. 569; Coleman v. State, 10 S. W. (2d) 559. This court must indulge the legal presumption that the ruling of the trial court was correct, unless the bill of exception shows otherwise. Buchanan v. State, supra.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—This is a companion case to that of Harlan v. State, No. 13,496, this day decided. The legal questions are identical. Upon the authority of that case, the motion for rehearing in the present instance is overruled.

*Overruled.*

HAWKINS, J., absent.