Grady Harlan v. The State.

No. 13498.   Delivered June 4, 1930.
Reinstated June 26, 1930.
Affirmed October 8, 1930.
Rehearing denied November 12, 1930.
Reported in 32 S. W. (2d) 185.

The opinion states the case.

*G. O. Crisp* of Kaufman, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for manufacturing intoxicating liquor, punishment being one year in the penitentiary.

As it appears in the record the appeal bond is approved by the sheriff only. Art. 818, C. C. P. (1925) requires that it be approved by both the sheriff and the trial judge. For authorities see Note 1, under said article in Vernon's Ann. Tex. C. C. P., Vol. 3.

The bills of exception seem defective in not setting out the search warrant and affidavit therefor, but we do not discuss them as the case is not properly before us.

If appellant desires to do so he will have fifteen days from this date to file proper bond and present a record thereof to this court in connection with motion to reinstate the appeal.

The appeal is dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE.

CHRISTIAN, JUDGE.—The appeal was dismissed at a former day of the term because of an insufficient appeal bond. A sufficient bond, properly approved, having been timely filed, the appeal is reinstated and the case will stand for later consideration on its merits.

*Reinstated.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

CHRISTIAN, JUDGE.—The appeal was dismissed at a former term, but later reinstated. The case is now considered on its merits.

Operating under a search warrant, officers discovered a complete still, a quantity of whisky and mash in a house occupied by appellant. The still was hot and in condition to manufacture whisky.

The testimony touching the result of the search was objected to by appellant on the ground that the affidavit for the search war-

rant was made by only one person and that the place searched was his private residence. The bills of exception fail to set out the affidavit in substance or in detail. It is stated, as a ground of objection, that the affidavit was made by one person and that the place searched was appellant's private residence. The statement of the ground of objection is not a certificate of the trial judge that the facts which formed the basis of the objection were true. It merely shows that such an objection was made. Branch's Annotated Penal Code, Section 209; Jenkins v. State, 24 S. W. (2d) 1092; Fisher v. State, 1 S. W. (2d) 301; Buchanan v. State, 298 S. W. 569; Coleman v. State, 10 S. W. (2d) 559. The bill of exception fails to show that the ruling of the trial court was incorrect, and we must indulge the legal presumption that the testimony was properly admitted. Buchanan v. State, supra.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—This is a companion case to that of Harlan v. State, No. 13,495, this day decided. The legal questions are identical. Upon the authority of that case, the motion for rehearing in the present instance is overruled.

*Overruled.*

HAWKINS, J., absent.