## BOB LEE SMITH V. THE STATE.

No. 15909.   Delivered May 3, 1933.
Rehearing Denied June 7, 1933.
Reported in 60 S. W. (2d) 768.

The opinion states the case.

*John C. Patterson,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

We have examined each bill of exception found in the record. The indictment contained two counts, one charging appellant with the selling of intoxicating liquor to Clifford Mears, and the other charging the unlawful possession for the purpose of sale. The jury found appellant guilty under the first count. Mears testified positively to a sale of whisky to him by the ap-

pellant. Appellant did not testify, nor was there any denial of the testimony of Mears.

Appellant has several bills of exception complaining of the search of a business house and surroundings by officers. We are not in accord with the complaints of appellant in this particular, but inasmuch as said testimony was material at the time it was offered as affecting the question of appellant's guilt of the possession of intoxicating liquor, and in view of the fact that there was no effort made to have the testimony withdrawn from the consideration of the jury in case of a finding upon some other count, we are unable to agree with appellant's contention. The same thing is true of the complaint of the search of appellant's residence. The affidavit and search warrant were in all things regular, and what was discovered by the officers at the home of appellant was admissible.

There is complaint of misconduct of the jury, it being set up that at some time during the deliberation upon the case there was a separation of the jury. The court heard testimony not only of the jurors but of the officer who was with them, and the facts show that as the jury were passing down the street by a bank in which one of the jurors worked, he was permitted by the deputy sheriff to step in the bank and get some papers; the officer testifying that he stood at the door and observed all the movements of the juror, and that there was no communication with other parties.

Failing to find any error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In the first count of the indictment it was alleged that on or about the 8th day of June, 1932, appellant sold intoxicating liquor to Clifford Mears; in the second count it was alleged that on or about the same date appellant unlawfully possessed intoxicating liquor for the purpose of sale.

On the 27th day of March, 1932, officers obtained a warrant authorizing the search of the residence, outhouses, and premises of Ike Smith and appellant, situated about 12 miles southeast of Marlin. This warrant was executed on the same date. As a result of the search there was found in the house a total of 45 gallons of whisky. On the 11th day of June, 1932, officers obtained a warrant authorizing the search of the business house and premises of appellant, situated in the city of Marlin. This warrant was executed on the same day. As the officers entered the fish market claimed to be appellant's place of business, they

saw appellant empty a one-gallon coffee pot which was found to have contained whisky. They also found a number of bottles of beer on ice, and a half-pint bottle of whisky; in an adjoining vacant building they found nineteen half-gallons of whisky; a trail led from the back door of the fish market to the back door of the vacant building. Also, in the vacant building they found 22 bottles of beer.

The state proved by Clifford Mears, the alleged purchaser, that a little while before the officers searched the fish market in Marlin witness had been in there and bought from appellant a pint of whisky for which he paid fifty cents. The state further proved by Rady Waits that on the day officers searched the house of Ike Smith and appellant witness bought a half-gallon of whisky from appellant at the Ike Smith place, for which he paid $3.

As we understand it, appellant's motion for rehearing is predicated upon what he claims to be errors reflected by bills of exception numbers one and four. Bill number one complains of the admission of the testimony of officers as to what was found in the search at the home of Ike Smith, appellant's father, which was also alleged in the affidavit to be the home of appellant. This was the search made in March, 1932, which has already been adverted to. The grounds of objection in said bill are: (a) Because the affidavit for the search warrant did not comply with the statute; (b) because it had not been shown that the defendant lived at this place at the time of the search and defendant was not bound by evidence of what was found at a house ten or twelve miles from his residence; (c) because the evidence obtained as a result of the search was "immaterial, irrelevant, and incompetent to any issue in this cause." In so far as the proposed evidence was resisted upon the ground that the affidavit was insufficient the bill is defective in that the affidavit is not made a part of the bill. See Gonce v. State, 112 Texas Crim. Rep., 191, 14 S. W. (2d) 845; Morgan v. State, 115 Texas Crim. Rep., 14, 27 S. W. (2d) 208. The affidavit, however, appears in the statement of facts as having been introduced before the court, and we see no irregularity in it whatsoever.

Upon the second ground of objection we observe there is no certificate in the bill to the effect that appellant did not live at the place searched. This appears as a ground of objection only, which is not sufficient. Branch's Ann. Tex. P. C., sec. 209; 4 Tex. Jurisprudence, sec. 206. It is apparent from the record that there was an issue of fact whether appellant lived at the place searched. This issue doubtless would have been

submitted to the jury under appropriate instruction if it had been requested. The other ground of objection is entirely too general. The evidence was relevant upon the issue whether appellant was in the possession of intoxicating liquor for the purpose of sale.

Bill of exception number four relates to the receipt in evidence of the testimony of officers that in a vacant building adjoining the fish market there was found nineteen half-gallons of whisky. The ground of objection stated in the bill is that appellant "was not bound by any evidence not found on the premises described in the affidavit and search warrant." The objection is untenable. If the vacant building was not owned or controlled by appellant, he could not be heard to object to evidence of what was found therein if it was otherwise admissible against him. If the whisky found in the vacant building belonged to appellant, or was under his control, evidence of its finding would be admissible although the affidavit and search warrant did not include authority to search the building in question. Evidence regarding the trail from the back door of the fish market to the back door of the vacant building, we think, rendered admissible proof of the finding of the liquor in the vacant building. The objection goes to the weight, and not to the admissibility of the evidence.

Under the facts appellant would have been entitled to an election at the hands of the state, under the count charging possession of intoxicating liquor for the purpose of sale, whether it relied upon the transaction as to what was found by the officers at appellant's home in March, or upon the transaction testified to by the officers as occurring at the fish market and vacant building in June, but no request for an election between transactions under that count of the indictment was presented to the court. Appellant did request the court to have the state elect as to which count in the indictment they would rely upon for conviction. This request appears to have been refused but we find no bill of exception complaining thereof. Under the evidence it was proper for the court to submit the count charging the sale of intoxicating liquor and also the count charging possession for the purpose of sale. The evidence supports both counts. The court did instruct the jury that if appellant should be convicted the jury could only find him guilty under one count and could assess only one punishment, and in event of conviction the jury should let their verdict show under which count they found him guilty. The jury responded to this instruction and specifically found appellant

guilty of selling intoxicating liquor as charged in the first count and assessed his punishment for that offense.

We are constrained to overrule the motion.

*Overruled.*