## SAM ELLIS v. THE STATE.

### No. 285. Decided January 12, 1910.

**1.—Burglary—Private Residence—Charge of Court—Daytime Breaking.**

Where, upon trial for burglary, the allegation in the indictment was sufficient to cover an ordinary night or day breaking, but was not sufficient to charge a burglary of a private residence at night, and the evidence showed that the burglary was committed in the daytime, and that the house was a private residence, and the court limited the offense to a daytime breaking, there was no error in the court's refusal to submit a peremptory instruction to acquit.

**2.—Same—Evidence—Confession—Bill of Exceptions.**

Where, upon appeal from a conviction of burglary, it appeared from the record that the appellant had not reserved a bill of exceptions to the evidence with reference to confessions, at the time it was admitted, the same could not be considered.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for burglary of the house of one Matt Roach, the punishment being assessed at two years confinement in the penitentiary.

The indictment charged appellant did by force, threats and fraud break and enter a house occupied by Matt Roach. Matt Roach and his wife testified in the case, and the effect of their testimony is that Matt Roach himself was away performing his duty on a railroad train at the time the burglary occurred. His wife testified that about 4 or 5 o'clock in the evening she dressed, locked the house, went away, and did not return until about 9 or 10 o'clock that night. That before returning to her house she went by the depot and accompanied her husband home from that point. Upon reaching home they discovered their house had been entered and property taken. Appellant was arrested that night about 9 o'clock offering to pawn some of the goods taken from the house.

1. A bill of exceptions recites that when the State had introduced

all of its testimony it was discovered that the house was a private residence, and that inasmuch as the indictment failed to state whether it was daytime or night burglary, and did not state whether it was a residence or other house, and inasmuch as it failed to state that it was occupièd by a family, the court should have given a peremptory instruction to the jury to return a verdict of not guilty. We are of opinion that this position is not correct. The allegation in the indictment was sufficient to cover an ordinary night or day breaking, but was not sufficient to charge the burglary of a private residence at night. The court limited the consideration of the evidence under the indictment to a daytime breaking, and instructed the jury to the effect that if the breaking occurred in the daytime, they might find him guilty of the burglary, but unless they should find beyond a reasonable doubt that the entry, if one was made, was made by actual force and breaking and in the daytime, they should acquit. They were further instructed that if from the evidence appellant did not break and enter the house, but that his uncle or some other person did so, he would not be guilty. The court further charged if they should find that the house was broken by the defendant and entered as charged, but was not broken in the daytime, or if they had a reasonable doubt as to whether the same was broken and entered in the daytime, as that term was defined in a previous portion of the charge, they would acquit. The court also charged on circumstantial evidence, and appellant's theory that he obtained the goods from his uncle for the purpose of pawning them. We are of opinion, therefore, there is no merit in the contention that the court should have submitted a peremptory instruction to acquit. If the house was broken in the daytime, then it was not, under the terms of the statute, the breaking of a private residence. In order to make it a separate and distinct offense for burglarizing a private residence, the statute requires that the burglary shall be done at night. Appellant's side of the case was properly guarded by the court's instructions.

2.   One ground of the motion for a new trial is to the effect that the court erred in admitting the testimony of the officer Cornwell in which he stated the defendant made a confession to him, because he was not warned according to the law regulating confessions, being under arrest at the time. It is unnecessary to consider or discuss this question, because a bill of exception was not reserved to the introduction of the testimony. In fact, looking to the statement of facts, we are of opinion appellant was not under arrest at the time the conversation occurred between the officer and the defendant.

The judgment is affirmed.

*Affirmed.*