CLAUDE ANDERSON v. THE STATE.

No. 6560. Decided December 14, 1921.

**1.—Burglary—Motion for New Trial—Insanity—Statement of Facts—Practice On Appeal.**

In the absence of a statement of facts and bills of exception, a motion for new trial supported by affidavit expressing the opinion that defendant was of unsound mind and stating that defendant and counsel had no knowledge of the evidence during the trial, cannot be considered on appeal.

**2.—Same—Insanity—Procedure—Insanity After Conviction.**

Without knowing the facts that were adduced upon the trial, this court does not feel authorized to set aside a judgment of conviction upon the motion for new trial alleging defendant's insanity. If the defendant is insane at this time, the statute makes provision against his incarceration.

Appeal from the District Court of Brown. Tried below before the Honorable J. O. Woodward.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for burglary; punishment fixed at confinement in the penitentiary for a period of two years.

The indictment is regular; and the record is before us without bill of exceptions or statement of facts.

Attached to the motion for new trial are the affidavits of several persons expressing the opinion that the appellant was of unsound mind. The affidavit of the attorney who represented him also accom-

panies the motion. In it is the statement that they had no knowledge of the evidence set out in the affidavits before or during the trial. Without knowing what evidence was before the court and jury which rendered the judgment and verdict, we are not able to judge the merits of the motion.

One of the affiants, a physician, a brother of the appellant, expresses the view that the appellant had been insane for five years; also says that other members of the family had been affected with insanity. Without knowing the facts that were adduced upon the trial, we do not feel authorized to set aside the judgment of conviction.

If appellant is insane at this time, the statute makes provision against his incarceration.

The judgment is affirmed.

*Affirmed.*