CLIFFORD KING v. THE STATE.

No. 7219.   Decided November 22, 1922.

Rehearing denied June 27, 1923.

**1.—Selling Intoxicating Liquor—Recognizance—Practice on Appeal.**

Where the recognizance failed to name the offense for which conviction was had the same must be dismissed for want of jurisdiction. However, the certified copy of an appeal bond in accordance with law, having been filed, the appeal is reinstated.

**2.—Same—Peremptory Instruction to Acquit.**

Where the evidence showed that the witness bought from defendant a pint of whisky about the time alleged in the indictment, the court properly refused to give a peremptory instruction to acquit.

**3.—Same—Bill of Exceptions—Argument of Counsel.**

Where there appeared nothing in the bill of exceptions to show any setting, reason, cause or surrounding circumstances attending the making of the remark of the district attorney, it cannot be considered on appeal, besides there was no error.

**4.—Same—Bill of Exception—Argument of Counsel.**

That part of the answer of the witness with reference to the fact that defendant gave him a pint of whisky for the use of the car was not responsive to the question to which objection was made, but there was no objection to this uncalled for part of the answer, and there was no error.

**5.—Same—Bill of Exceptions—Leading Question.**

Where the bill of exceptions did not attempt to set out any questions asked by the district attorney, which are claimed to be leading, there was no reversible error.

**6.—Same—Bill of Exceptions.**

Where there is nothing in the bill of exceptions from which this court can determine what action and ruling of the trial court was considered by appellant as objectionable, the matter cannot be reviewed.

**7.—Same—Bill of Exceptions—Question and Answer—Grouping.**

Where it is manifest to this court cannot consider a bill which is in such form as to violate the rules of this court relating to bills of exception in question and answer form, and which group numerous questions and their answers, and then presents a wholesale objection thereto the same cannot be considered on appeal.

**8.—Same—Bill of Exceptions—Evidence.**

While it appears cursorily that the bill of exceptions presents error in that testimony of a separate and distinct transaction was admitted, but it appeared on closer inspection that the bill did not show whether the testimony referred to was given upon direct or cross-examination, the same cannot be reviewed; besides, there is no reversible error.

**9.—Same—Bill of Exceptions—Remark of District Attorney.**

This court sees nothing in the question of the district attorney which is *per se* objectionable, and there is no reversible error.

**10.—Same—Sufficiency of the Evidence—Burden of Proof.**

The burden of proof is upon the defendant who is charged with selling intoxicating liquor to show that the liquor so sold was for one of the purposes excepted in the statute, but the defendant not testifying and the evidence being sufficient to support the conviction, there is no reversible error.

**11.—Same—Rehearng—Bills of Exception.**

The contention that it is not necessary to make a motion to exclude that part of the answer not beld to be responsive to the question is not tenable, and there is no reversible error, as defendant cannot silently sit by without making any effort to rid the record of the matter not so responsive.

**12.—Same—Bill of Exceptions—Question and Answer Form.**

In the absence of the statement of the trial judge appended to the bill of exceptions from which the court may learn that it was necessary to present the questions and answers in order that this court might comprehend the exact situation, the same will not be considered on appeal.

**13.—Same—Bill of Exceptions—Cross-Examination.**

Where this court upon examination of the statement of facts finds that only in appellant's cross-examination of said witness was the fact brought out that appellant gave him a quart of whisky for the use of his car, this court is justified in declining to give that weight to the testimony which appellant insisted same should receive; besides the jury were not prejudiced against the defendant and assessed the lowest punishment.

Appeal from the District Court of Shackelford. Tried below before the Honorable W. R. Ely.

Appeal from a conviction of selling intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Kirby, King & Overshiner,* for appellant.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Shackelford County of the unlawful sale of intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Our Assistant Attorney General has moved to dismiss the appeal in this case because the recognizance on appeal is insufficient. An examination of same reveals the fact that it fails to name the offense for which conviction was had. In Gross v. State, 83 Texas Crim. Rep. 349, this was held fatal to the recognizance. The motion of the State is, therefore, granted and the appeal is ordered dismissed.

*Dismissed.*

ON MOTION TO REINSTATE APPEAL.

January 17, 1923.

LATTIMORE, JUDGE.—Appellant presents his motion for a rehearing, accompanied by certified copy of an appeal bond which seems to be in accordance with prescribed forms, and the appeal is reinstated and the questions presented now considered on their merits.

Appellant is charged in the indictment with selling intoxicating liquor to one Abb Demus. Upon the trial Demus was introduced as a witness for the State and testified without any qualification whatsoever, that he bought from appellant a pint of whisky about the 22nd or 23rd of January, 1922, paying therefor the sum of four dollars.

By his first bill of exceptions appellant complains of the refusal of the trial court to give a peremptory instruction in his favor. From what we have above said of the facts, it is manifest that the refusal of said motion was not error.

By another bill of exceptions complaint is presented of a statement in the closing argument of the district attorney, which remark is as

follows: "No matter what the court thinks about the evidence in the case, it is his duty to charge on every phase of the case." There appears absolutely nothing in the bill of exceptions to show any setting, reason, cause or surrounding circumstance attending the making of this remark. For all that appears in the bill of exceptions it may have been made in reply to something said by the attorneys for the appellant, or may have been made in connection with other matters which would make it perfectly proper. We do not deem the matter as stated capable of any injury or prejudice to appellant, and it further is made to appear that no charge was asked instructing the jury not to regard such statement.

Appellant's third bill of exceptions sets forth that one Elvis Hale, a witness for the State, was asked the following question by the district attorney: "Did the defendant borrow your car to go to Breckenridge?" An objection that said question was immaterial and irrelevant and had no connection with the issue, and was prejudicial and harmful, was overruled, and the bill then proceeds to set out that witness said he did borrow his car, and said answer then further contained the statement that the defendant gave him a pint of whisky for the use of his car. We see no reasonable ground for objection to the question as asked, nor to that part of the answer which was called for by the question. That part of the answer with reference to the fact that defendant gave him a pint of whisky for the use of the car, appears in no way to be in response to the question to which objection was made. There was no objection to this uncalled for part of said answer, nor any motion made to exclude it from the consideration of the jury. If the complaint of appellant had been of a refusal of a request to exclude the uncalled for part of said answer, the proposition would be different. There was no error in overruling the objection to the question above stated.

Appellant's bill of exceptions No. 4 states that after said witness Hale had given certain testimony the district attorney stated that he pleaded surprise and wanted to ask said witness a leading question. It is stated in the bill that appellant objected to such course of conduct for the reason that said witness had not testified to anything that would surprise the district attorney. It is then made to appear that the district attorney stated (apparently to the court) "I talked with this witness not over an hour and a half ago and he told the sheriff the same thing in there and then he comes in here and tells me another thing, and I have a right to plead surprise." It further appears that appellant's objection was sustained by the trial court. The district attorney then proceeded further to argue the matter, stating that it was a well settled principle that when a witness was put on the stand and testified "definitely," (we think the bill should show that the district attorney used the word "differently") that he could plead surprise and impeach him. The bill proceeds to set out

that the district attorney made further argument in support of his position, and then states that defendant further objected to the district attorney asking said witness leading questions because there was no evidence of surprise, and also that defendant asked that the district attorney's remarks be excluded from the jury. To which the court replied, "I will do that." The bill then states that the court did not instruct the jury not to consider the remarks of the district attorney, and that said remarks were prejudicial to the defendant. This bill does not attempt to set out any questions asked by the district attorney which are claimed to be leading. We see nothing in the remarks of said attorney of such objectionable character as to call for a reversal of this case. It is made to appear in the qualification of the court to this bill that the only controversy with said witness on the part of the State arose out of the fact that the district attorney claimed that the witness told him before he was placed on the stand that appellant gave him a quart of whisky and that he was now stating that appellant gave him a pint of whisky. It further appears that said witness reaffirmed the proposition that appellant did give him a quart of whisky, but that he only gave him a pint of same when the borrowed car was returned, and gave him the remaining pint a day or two later. We are unable to conclude that the bill shows anything calling for a reversal of this case. The matter about which the controversy arose was one between the district attorney and his witness and presents nothing affecting appellant's rights.

Bill of exceptions No. 5 recites that while Elvis Hale, a witness for the State, was testifying, he was asked by the district attorney: "Has Marshall Biggs, the sheriff, talked to you about this?" To which witness answered, "Yes sir," and the witness was then asked, "Did you tell him in there that he borrowed your car to go to Breckenridge?" to which witness answered, "Yes sir." The witness was then asked: "That when he got back he gave you a quart of whisky for the use of your car?" To which witness answered, "Yes sir, but I never said when he gave it all to me." The bill then states as follows: "To which action and ruling of the court the defendant then and there objected for the reason heretofore stated." There is nothing in the bill from which we can determine what action and ruling of the court was considered by appellant as objectionable. If any one of the questions above set out was not satisfactory to appellant, that fact is not made to appear by the bill.

In appellant's bill of exceptions No. 6 there are given a large number of questions asked by the district attorney and answers given by the witness Elvis Hale. After stating all of same appears the statement, "All of which said testimony including said answers was permitted by the court over the defendant's objections and exceptions and the defendant further objected and excepted to *all of said testi-*

95 T. C.—7.

*mony* and asked that the same be excluded from the jury." It further appears in the bill that the court remarked: "I sustain the objection to that," but it is stated that the court did not instruct the jury not to consider said testimony and did not specify just what portion of the testimony he sustained the objection to. It is manifest that we can not consider a bill such as this, which is in violation of the rules of this court relating to bills of exception in question and answer form and which group numerous questions and their answers and then present an objection made wholesale thereto. If we could conclude anything from this bill, it would be that the court sustained appellant's objection to the testimony when offered. It is not permissible for appellant to remain silent while a number of questions are being asked and answers thereto given, and at the conclusion of such testimony state to the court that he then objects to all this testimony. A bill of exceptions reflecting such course as followed, would present nothing for our review and from which we could conclude that any error was committed.

Appellant's seventh bill of exceptions complains that Elvis Hale, a witness for the State, was permitted to testify over objection that defendant borrowed his car and went to Breckenridge, and that defendant gave witness a quart of whisky for the use of said car. It would appear upon a cursory examination of this bill of exceptions that it presents error in that testimony of a separate and distinct transaction was admitted, but upon inspection it appears that said bill does not show whether the testimony of this witness referred to in said objection was given upon direct or cross-examination. In this condition of the bill we might decline to further consider the matter, but have referred to the statement of facts to ascertain the true facts. The testimony of said witness on direct examination is as follows:

"I live here in Albany, and have been living here about a year and one-half. I know the defendant Clifford King, and I have known him about a year I guess.

The defendant borrowed my car. I do not know where he went. I do not remember the date. I do not know the date. He did not tell me where he was going.

He returned my car to me. He did not give me anything when he returned the car. Not when he returned the car. He gave me something about that time; the next day.

I have talked to you and Marshall Biggs. The next day he gave me some whisky. He gave me a pint.

I swore to this jury that he didn't tell me where he was going with that car."

The testimony of said witness on cross-examination by appellant is as follows:

"He borrowed my car and I let him have it. I did not have any trade with him, what he was to give me for the use of the car. He

did not tell me where he was going. The trade I had with him was, that I was to get a quart of whisky for the use of the car. When he came back he gave me some whisky. He gave me a pint that night and the rest the next evening if I am not mistaken.

At the time he borrowed the car he just said he wanted to borrow it and I told him all right. That was all that was said.

There was something said what he was going to give me for the use of the car. I asked him what I would get and he told Me. He told me he was going to give me a quart of whisky for the use of the car. He got the car in the morning and brought it back early that evening. He gave me a pint that night and the rest some days afterwards.''

An examination of the above reveals the fact that the only testimony given by the witness Hale of the fact that he had a trade with appellant whereby he was to get a quart of whiksy for the use of his car, was brought out by the cross-examination and such fact appears nowhere else. In his direct examination said witness does say that appellant gave him a pint of whisky the next day, but this is not the matter that is complained of in the bill of exceptions under consideration. A matter that is brought out by the appellant himself on cross-examination can not be made the basis for an objection.

By his bill of exceptions No. 8 appellant complains that the district attorney asked a witness for the defense the following question: ''And you wanted to frame up for him,'' (meaning the witness' nephew Wilford Stapleton). Appellant objected and stated that the district attorney had no right to address the witness in such manner even if he was a negro, to which the district attorney replied: ''I would address him that way if he were a white man.'' The refusal of the court to exclude ''said remark'' is the subject of this bill of exceptions. We see nothing in the question which is *per se* objectionable. For all we are informed by the bill, it may have directly related to some matter then properly being inquired about. The reply of the district attorney to appellant's objection presents nothing which we can understand to be of injury to the accused. Such reply would seem to be in the nature of a defense on the part of the district attorney to that part of the objection which appears to be based on the fact that such a question should not be asked of the witness ''even if he was a negro.'' That the witness was a negro was evident, and while the remark of the district attorney might have been left unsaid, that same is also true of the apparent insinuation in the objection that the form of question was based upon the proposition that the witness was a negro.

We have carefully examined all of the matters of complaint appearing in the record. The evidence of appellant's guilt seems practically without controversy. He did not see fit to take the stand or deny the direct testimony of witness Demus to the fact of sale. This court held in the case of Robert v. State, 90 Texas Crim. Rep.,

133, 234 S. W. 89, that the burden was upon one charged with selling intoxicating liquor, to show that said liquor was for one of the purposes excepted in the statute.

Finding no error in the record, an affirmance is ordered.

*Affirmed.*

ON REHEARING.

June 27, 1923.

LATTIMORE, JUDGE.—In passing upon questions raised and presented before it this court is compelled to take the record as it is made and if there be matters of ambiguity we endeavor to ascertain from the record, if we can, what the truth of the matter complained of is. Appellant renews his complaint of the admission of the testimony of State witness Hale complained of in bill of exceptions No. 3. As sustaining the proposition that it is not necessary to make a motion to exclude that part of the answer held by us not to be responsive to the question, appellant cites Barnard v. State, 73 S. W. Rep. 957. The facts are very meagerly stated in said opinion. If it reflects the admission of testimony without objection, and states with reference thereto the rule invoked by appellant, it is unsound and would not be followed by us. If the testimony referred to was admitted over proper objection, the bill of exceptions referred to in that opinion would be good without motion to strike out. A review again of the bill of exceptions under consideration shows that said witness on his direct examination was asked by the State if the defendant borrowed his car to go to Breckenridge. This was all that was asked. It is true that the bill of exceptions states that appellant objected to the question and answer, but it is also true that the bill further states that the objection being overruled, the witness proceeded to answer the inquiry as follows, etc. Manifestly the objection if made as now contended for by appellant, viz: to both the question and answer, before any answer was given, could contemplate but an objection to an answer responsive to the question. The question asked was not objectionable, and a fair answer thereto would likewise be not open to an objection. The witness answered the question, stating that he did borrow the defendant's car, but then proceeded to say further that the next day the defendant gave him a pint of whisky for the use of his car. The bill of exceptions then states: "To the action and ruling of the court the defendant excepted." The court ruled on the matter before him, which was appellant's objection to the question as asked. We know of no rule or authority allowing the appellant who has made an objection to a question, which is answered and in addition thereto something is injected which is not responsive, to sit silently by without making any effort to rid the record of the matter not so responsive. Jones on Evidence states the rule thus:

"It sometimes happens that answers are made which are not responsive to questions unobjectionable in themselves or that improper testimony is volunteered in which there is no opportunity to object in advance. In such cases the proper remedy is to move promptly to strike out the objectionable testimony."

In Underhill on Criminal Evidence, Sec. 216, appears the following:

"If the answer given is so irresponsive that it wholly or in part fails to convey all the facts which were required, or if it states facts or opinions not required, it may be stricken out on motion as far as it is not responsive, and the refusal of this motion when seasonable objection is made by the accused is reversible error."

See Rice on Evidence, Vol. 3, pp. 414-420. Appellant having failed to move to strike out the irresponsive evidence, can not now take refuge behind the proposition that he objected to the question and its answer.

With reference to appellant's bill of exceptions No 6, which he insists we should have considered, we again state that same was in question and answer form, and we call attention to the language of Article 846 of our Code of Criminal Procedure, which in express terms forbids the carrying into the statement of facts and bills of exception by the stenographer of questions and answers except when in the opinion of the trial judge it is necessary in order to make plainer the issue to which same relates. There is no such statement of the trial judge appended to said bill of exceptions from which we may learn that it was necessary to present the questions and answers in order that this court might comprehend the exact situation.

Relative to the contention that appellant objected to the testimony of witness Hale as to other transactions as set out in bill of exceptions No. 7, in our former opinion we quoted all the direct testimony of said witness Hale, an examination of which reveals the fact that there was no statement therein that appellant gave him a pint of whisky, or any amount of whisky, for the use of his car. When the case was originally examined and this bill of exceptions was considered, it was noted that nothing in the bill of exceptions showed whether the testimony was given on direct or cross-examination. In such case, being loath to decline to consider the bill of exceptions, we examined the statement of facts and found that only in appellant's cross-examination of said witness was the fact brought out that appellant gave him the quart of whisky for the use of his car. Such being the condition of the record, this court was justified in declining to give that weight to the testimony, which appellant insisted same should receive.

On the point of the materiality of such testimony, we observe that appellant was given the lowest penalty. This would indicate that the jury were in nowise prejudiced against him by the admission in

evidence of such testimony. He was charged with the direct sale of liquor to Abb Demus and this witness testified positively for the State that he purchased liquor from the appellant. For the defense, character witnesses were introduced and the proprietor of the house at which State witness Demus said he bought the liquor in question, and also a party whom Demus said was present when the sale was made. Demus said the liquor was bought at John Smith's house at a party given there in January. John Smith testified for the defense that he gave no party at his house in January but did give one in the early part of February and in the latter part of December. His evidence as to how he fixed these dates was such as that the jury might have discredited same. The defense witness who was claimed by Demus to be present when the sale was made by appellant, had been charged with selling liquor to Demus himself, and was a nephew of the proprietor of the house where the sale was alleged to have taken place. There seems no possibility of the jury being confused as to which case they were trying, and there being no direct denial of guilt we can not easily perceive any issue in the case which might have been affected by the testimony so strenuously objected to, even if it had been brought out by the State. on the part of appellant, and the verdict being for the lowest penalty,

Being of opinion that the case was correctly decided, appellant's motion for rehearing is overruled.

*Overruled.*