T. B. CANTRELL V. THE STATE.

No. 9766.    Delivered Feb. 3, 1926.

Rehearing denied March 3, 1926.

1.—Robbery—Statement of Facts—Question and Answer Form—Not Considered.

   The statutes of this state require that the statement of facts be in narrative form, and this court has repeatedly held that under said statute it is not authorized to consider a statement of facts in question and answer form.   The statement of facts presented in this record, is at least eighty-five per cent in question and answer form, and cannot be considered.   Following Ishmael v. The State, 100 Tex. Crim. Rep. 254 and other cases cited.

ON REHEARING.

2.—Same—Statement of Facts—Will be Considered.

   On rehearing, appellant directs our attention to the fact that the greater part of the statement of facts, which appears to be in question and answer form, was the reproduction of written instruments in evidence and properly in the statement of facts as they were introduced. This statement of facts will now be considered.

3.—Same—New Trial—Newly Discovered Evidence—Properly Refused.

Where a motion for a new trial is presented on the grounds of newly discovered evidence, and it is not shown that appellant was not aware of such evidence before the trial, and it not appearing that the absent witness if heard by a jury would probably produce a more favorable result to appellant, on another trial, the court did not err in overruling such motion.

4.—Same—Remark of Prosecuting Attorney—No Error Shown.

Where, on objection by appellant, the court instructed the jury not to consider the remark of prosecuting attorney that he wanted the facts so that the jury might know whether it was going to believe this negro defense alibi, we perceive no matter of serious injury, if any at all.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction of robbery, penalty ten years in the penitentiary.

The opinion states the case.

*L. M. Ballowe* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is robbery and the punishment is ten years in the penitentiary.

The state has filed a motion to strike from the record the statement of facts. The record contains seventy-two pages and it is very conservative to say that at least eighty-five percent of this statement of facts is composed of questions and answers and statements of the court and attorneys interested in the case. The statute itself requires that statement of facts be in narrative form and this court has repeatedly held that under said statute it is not authorized to consider a statement of facts in question and answer form. Ishmael v. State, 100 Tex. Crim. Rep. 254; Smith v. State, 100 Tex. Crim. Rep. 234; Pahlka v. State, 100 Tex. Crim. Rep. 504; Jacobs v. State, 92 Tex. Crim. Rep. 253; James v. State, 262 S. W. 500. We regret that the plain provisions of the statute and the unbroken rulings of this court construing this statute have been entirely disregarded in the preparation of this statement of facts, but we have no option but to hold that we are not authorized to consider the same in the form here presented.

In the absence of a statement of facts we are unable to determine that any error was committed by the trial court in over-

ruling the motion for a new trial on account of the newly dis-
covered evidence. Without the statement of facts we cannot
say that the alleged newly discovered evidence would or might
have changed the result, had it been produced on the trial of
the case.

Many of the bills of exceptions contained in the record are
also in question and answer form and under the unbroken
rulings of this court will not be considered for that reason.
All of the bills relate to matters that are unintelligible to us
without a consideration of the statement of facts and under the
condition of this record show no error.

Finding no error in the record, the judgment is in all things
affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has
been examined by the Judges of the Court of Criminal Ap-
peals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In the statement of facts herein is
inserted the transcript of the testimony heard by an examining
magistrate. The testimony was taken down before said magis-
trate in question and answer form, and having been introduced
as testimony on this trial, it was proper to insert it into the
statement of facts in the same form in which it was offered
in evidence. Same appeared in this statement of facts in such
way as not to challenge our attention to the fact on original
consideration, that this was the reproduction of a written in-
strument in evidence. Said transcript contained thirty-seven
pages of questions and answers. Aside from same, other parts
of the statement of facts herein are in question and answer
form, but as the major part of the remainder is in narrative
form, we have concluded to review the facts. We deem same
amply sufficient to support the conclusion reached by the jury.

The motion for new trial set up newly discovered evidence,
viz: the testimony of two boys. The facts appearing in the
record on the question of diligence in this matter do not meas-
ure up to the demand of the law. There is no showing of the
source from which appellant received this testimony or be-
came aware of same. There is no testimony or affidavit from
his attorney of the fact that same was not known to him. Both

boys referred to testified on the hearing of the motion and said they were by the side of the store whose proprietor was robbed about 9:40 at night. They saw two men drive up in a green car and go into the store. One of the boys said that when the men came out they both had pistols and that one of them knocked him down. He was of opinion that appellant was not either one of the men. The other boy said he went to the door of the store and looked in while the robbery was going on but was unable to say whether appellant was or was not one of the two men committing the robbery. Aside from the lack of diligence shown, we are further of opinion that the testimony of the boy who was of opinion that appellant was not one of the men, relating to the question of identity alone and the circumstances surrounding his seeing the party, that is, in the night time, and when they passed in a hasty manner and one of them knocked him down, would not be likely to be taken by the jury as seriously controverting the positive testimony of three witnesses who were in the lighted store where the robbery occurred, each of whom positively identified appellant as one of the men. We think the learned trial judge did not abuse his discretion in overruling the motion.

Appellant's bill of exceptions No. 2 complains of a question propounded by the district attorney to appellant who took the witness stand, also to a statement made in opposition to said objection to the effect that the State wanted the facts so that the jury might know whether it was "going to believe this negro defense alibi", which remark was excepted to and seems to be the thing complained of in the bill. The court instructed the jury not to consider this statement. We perceive no matter of serious injury, if any at all.

Appellant's bills Nos. 3, 4, 7 and 9 were of the manner and method of the examination of witnesses by counsel for the state. Without setting same out at length, we observe that in one or two minor matters questions were asked which might be deemed objectionable but concerning matters which seem of but slight importance.

Bills of exception Nos. 6, 10 and 12 were in question and answer form and for that reason cannot be considered by us under Art. 846 Vernon's C. C. P. Bills of exception Nos. 5 and 11 show that appellant's objections to certain matters were overruled but same do not set out what evidence, if any, was then admitted.

Being unable to agree with appellant's motion, same will be overruled.

*Overruled.*