## W. A. LACY v. THE STATE.

No. 13371.   Delivered June 11, 1930.
Reported in 29 S. W. (2d) 754.

The opinion states the case.

*W. M. Johnson,* of Houston, for appellant.

*A. A. Dawson,* State's Atty., of Austin, *O'Brien Stevens,* Criminal Dist. Atty., and *E. T. Branch,* both of Houston, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

N. N. Lee lost a cow from its accustomed range. It was plainly marked and branded. Appellant killed the animal and sold its hide to a market. It was not disputed that the hide came from the lost animal. Testifying in his own behalf, appellant declared that he thought the animal was one of several cattle he had bought from a Mr. Bonds. The defensive theory was properly submitted in the charge of the court.

As disclosed by bill of exception No. 10, while A. W. McDonald, a deputy sheriff, was testifying for the state he was asked by the district attorney if appellant "at any time made any claim to him when he was not under arrest" that he bought the animal in question from Bonds. Appellant objected to the question on the ground he was under arrest. Whereupon it was elicited from the witness that appellant had already made bond and was not under arrest when he approached the witness. The district attorney then asked the witness if he made any effort to detain appellant when he saw him. The witness answered: "Yes I had two more warrants for him from Wharton County and I arrested him on them." Appellant objected to the answer of the witness on the ground that it was not called for and that it was immaterial to any issue in the case. Whereupon the district attorney withdrew the answer. The question as to whether appellant had made any claim to the witness that he bought the animal from Bonds was not answered. After the district attorney withdrew the answer of the witness to the effect that he had two warrants from Wharton County for appellant, the matter closed. It is certified in the bill of exception that the answer was volunteered by the witness, not being responsive to the question of the district attorney; that it was a matter which the district attorney did not know, he not having talked to the witness; that after appellant's counsel objected the matter was not again referred to; that no ruling on the part of the court was ever asked for or made upon the objection interposed by counsel for appellant; that the court stated to appellant's counsel that he might have his bill of exception as to the answer of the witness.

The bill of exception is manifestly insufficient. The question of the district attorney was proper. That part of the answer of the witness to the effect that he held two warrants from Wharton County for appellant was not responsive to the question. Appellant contented himself with objecting to the answer. The court did not

rule upon the objection. It was incumbent upon appellant to make a motion to exclude that part of the answer which was not responsive to the question of the district attorney. This he failed to do. The case of King v. State, 253 S. W. 262 sustains our conclusions. We quote the language of Judge Lattimore in that case as follows:

"We know of no rule or authority allowing the appellant, who has made an objection to a question, which is answered and in addition thereto something is injected which is not responsive, to sit silently by without making any effort to rid the record of the matter not so responsive."

On re-direct examination of the injured party, the district attorney asked him a question as follows:

"You have not missed any cattle up there since they arrested the defendant on this charge, have you?"

Appellant's counsel said: "I object." No ground of objection appears. The objection was sustained and the court instructed the jury not to consider the question, as it was not evidence. The witness made no answer. In this respect this case is distinguishable from Jordan v. State, 96 Tex. Cr. R. 622, 259 S. W. 585. Appellant insists that the question itself was obviously hurtful. The evidence of guilt is abundantly sufficient. The minimum penalty was assessed. The question was improper, but the opinion is expressed that the prompt action of the court in instructing the jury not to consider it saved appellant from injury.

After qualifying a witness for the state, the district attorney asked him if the hide taken from the stolen animal indicated that the animal "had any Brahma in it." Appellant objected on the ground that the matter inquired about was not a subject of expert testimony. The objection was overruled, and the witness answered that the animal was probably about a quarter Brahma. We are unable to reach the conclusion that the matter was not a proper subject of expert testimony.

We have carefully examined all of appellant's contentions, and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.