### J. B. SLONE v. THE STATE.

No. 14807. Delivered April 13, 1932.
Rehearing Denied June 1, 1932.
Reported in 50 S. W. (2d) 301.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, theft of turkeys; the punishment, eighteen months in the penitentiary.

The turkeys alleged to have been stolen belonged to one Creed Williams. He testified that on the 10th day of February, 1930, he lost four head of bronze turkeys; that he afterwards saw the turkeys stolen from him at the Potter Produce Co. at Ballinger, and this was two or three days after he had missed the turkeys; that he identified three of said turkeys by marks of identification on them; that he had painted them on the right wing and on the right leg from the knee down with canary yellow paint.

The witness, John Windham, testified that on the 10th or 11th day

of February, he bought some ten or twelve head of turkeys from the appellant about 8 o'clock in the morning; that the appellant brought them there in a Chevrolet coupe, and at the time he purchased said turkeys from the appellant, the appellant gave him the name of J. B. Smith, and he had some further conversation with the appellant at the time of the purchase about why he was selling the turkeys. He also testified that some of the turkeys he bought from the appellant had yellow paint on them on the wing and the leg.

The appellant was also identified by one Dave Jones as the person who sold the turkeys to the witness Windham.

The appellant as a witness in his own behalf denied that he had any connection with the theft of the turkeys and also denied being the person who sold the turkeys. Other witnesses testified to an alibi.

By bill of exception No. 1, appellant complains that over his objection the district attorney asked the witness, John Windham, the purchaser of said turkeys, the following question: "What finally became of them (meaning the turkeys)?" And the witness answered: "Those men came up there and identified them (referring to Creed Williams)." Objection was made to said question because it called for an opinion and conclusion of the witness and was hearsay acts and declarations in the absence of the defendant. There was absolutely no dispute in the record but what the witness, Creed Williams, lost the turkeys claimed to have been stolen. The bill of exception, in our opinion, is manifestly insufficient. The question of the district attorney as to what finally became of the turkeys claimed to have been stolen was a proper question. The answer to said question was not responsive to the question. Appellant contented himself with objecting to the question. It was incumbent upon appellant to make a motion to exclude that part of the answer which was not responsive to the question of the district attorney. As said by Judge Lattimore in the case of King v. State, 95 Texas Crim. Rep., 93, 253 S. W. 262, 266: "We know of no rule or authority allowing the appellant, who has made an objection to a question, which is answered and in addition thereto something is injected which is not responsible, to sit silently by without making any effort to rid the record of the matter not so responsive." See, also, Lacey v. State, 115 Texas Crim. Rep., 76, 29 S. W. (2d) 754.

By bill of exception No. 2, appellant complains of the refusal of the trial court to sustain his objection to the following testimony of R. W. Sumrall: "After I had arrested the appellant I took him from the town of Coleman to the town of Ballinger and around to the Potter Produce Co. for the purpose of having him, the appellant, identified by said witnesses." Objection was made to said testimony because appellant was under arrest all of said time; because the testimony was prejudicial and was permitting the state's witness to force the defendant to make and give testimony against himself, there being no evidence that he had been

properly warned as required by law. The bill shows that the witness Sumrall had previously testified that he arrested the appellant when he came to the town of Coleman in an automobile which had a certain number on it, being the same number on the car that the witness Windham testified was on the car which brought the turkeys in question to the produce house at Ballinger. Nothing said by the appellant or any other person was attempted to be introduced in testimony, and so far as the bill shows the state made no effort to introduce any statement or act of the appellant. It certainly did not transcend article 727, C. C. P., 1925, for a witness to testify that he had observed a defendant and identified him at the time of his observation, the testimony being otherwise admissible. To hold as here contended by appellant would be to extend the rule invoked beyond reasonable limits. See Guerrerro v. State, 46 Texas Crim. Rep., 445, 80 S. W., 1001.

By bill of exception No. 3, appellant complains that while the state's witness Dave Jones was upon the witness stand he testified that, "I, Dave Jones, a few days afterwards saw this defendant at Ballinger, Texas, and recognized him (referring to the days he was brought there by the deputy sheriff, Sumrall) as being the same man who brought the turkeys to Ballinger in a Chevrolet automobile," and to his further testimony, "I now tell the jury that this defendant is the same man who sold the turkeys." Appellant objected because it was an attempt to identify the defendant after the day of the alleged sale and at the time he was in custody of a deputy sheriff because the appellant was under arrest and had been carried from Coleman, Texas, to Ballinger, Texas, and was testimony forcing the defendant to give testimony against himself while under arrest. We find no error in this proceeding.

Bill of exception No. 4 complains that on cross-examination by the district attorney of the said defendant while a witness on the witness stand, the district attorney asked said appellant the following question: "How many times have you pleaded guilty in the county court for cold checking?" The bill shows that when said question was asked, before the answer was made, appellant objected to the same and said objection was sustained, and no answer was made to said question. The bill further shows that appellant retained his exception to the action of the district attorney in asking the question, because the same was highly prejudicial and improperly prejudicing the rights of the defendant, and was such a serious nature that the court could not withdraw the effects of same from the jury. We do not believe reversible error is shown by said bill of exception.

Bill of exception No. 5 complains that, over the defendant's objection, the district attorney asked the defendant the following question and he made the following answer and the court made the following statement:

"Q. Has the grand jury been in session since? (referring to Comanche county). A. They are in session now.

"Q. You were in jail at that time?

"Defendant's Counsel: We object.

"The Court: Gentlemen of the jury, you will not consider that question and answer, if any, as to being in jail.

"Q. The Grand Jury has not been in session and adjourned finally since those charges were filed against you over there?

"Defendant's Counsel: We object.

"The Court: Overruled.

"Defendant's Counsel: Exception.

"Q. You are still being held on those charges in Comanche county? A. As far as I know."

Appellant's counsel objected to same because prejudicial, improper, immaterial, and an opinion and conclusion of the witness and not the best evidence. The bill shows that the questions here complained of were asked after the appellant testified that he was charged with burglary in Comanche county but had not been indicted. So far as the bill is concerned, this testimony went in without objection, and the bill does not show whether it was elicited by the state or by the appellant. As presented, no reversible error is shown.

By bill of exception No. 6, appellant objected to the following remarks of the district attorney made in his argument to the jury: "I am going to ask you not to stop walking before you bring in a verdict that will teach this defendant that he can't go out in this country and steal poultry from the citizens of this country."

By bill of exception No. 7, appellant also complains of the following argument of the district attorney: "I am ambitious when farm women have dragged through the grass and get something, then, for the time to come in Coleman county, Texas, when a man with an automobile and good clothes at night steal the turkeys, that a jury of Coleman county will not stop walking before they will convict him and make him change his occupation."

To all of said argument appellant objected and asked the court to instruct the jury to disregard it, which the court refused to do. Without holding said argument erroneous, neither of said bills disclose the connection in which the remarks were used, and it is not every improper argument that will require reversal of a case for failure of counsel to confine themselves to the record. It must be made to appear from the record that it was of such character that injury would result to defendant by reason thereof. This, the bills fail to show, and it does not appear that the remarks were of a material character and such as under the circumstances were calculated to injuriously affect the rights of the appellant. Mooney v. State, 76 Texas Crim. Rep., 539, 176 S. W., 58; Himmelfarb

v. State, 76 Texas Crim. Rep., 173, 174 S. W., 586; Pierson v. State, 18 Texas App., 524.

The appellant filed some exceptions to the court's charge, but an examination of said exceptions leads us to believe that the same present no error which calls for a reversal.

The sentence adjudges that appellant be confined in the penitentiary for eighteen months. Giving application to the provisions of the Indeterminate Sentence Law (Code Cr. Proc., 1925, art. 775, as amended by Acts 42d Leg. (1931), chap. 207, sec. 1 [Vernon's Ann. C. C. P., art. 775]), the sentence is reformed so that it may be shown that appellant is adjudged to be confined in the penitentiary for an indeterminate period of not more than eighteen months.

*As reformed, the judgment is affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.