# DECEMBER 13, 1933

Fred Blair v. The State.

No. 16315.   Delivered December 13, 1933.
Reported in 66 S. W. (2d) 317.

The opinion states the case.

*Roy M. Hofheinz,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE. — Receiving and concealing stolen property is the offense; penalty assessed at confinement in the county jail for a period of sixty days.

Appellant entered a plea of not guilty and waived a jury. The evidence heard by the trial judge is not before this court for review.

There are no bills of exception.

In the motion for new trial there is complaint of the reception of certain evidence. In the absence of a statement of the evidence that was before the trial judge, this court is not in a positon to estimate the force of the complaint mentioned.

The criticism of the conviction upon the ground that the court should have instructed a verdict of not guilty is entirely out of harmony with that part of the record which shows that the appellant was tried before the court and not before a jury.

The same principle obtains with reference to that part of the motion which alleges that some of the testimony came from

an accomplice witness. In the absence of a statement showing all the testimony heard upon the trial, this court cannot intelligently pass upon the complaint.

The same is true of the alleged newly discovered evidence. To appraise it, it is essential that this court be advised of the evidence that was actually heard upon the trial.

Under the circumstances, we are constrained to order an affirmance of the judgment of conviction, which is accordingly done.

*Affirmed.*