F. L. CHINSKE V. THE STATE.

No. 16646.   Delivered May 2, 1934.
Rehearing Denied (Without Written Opinion) May 23, 1934.

The opinion states the case.

*Shead & Smith,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of knowingly making a false entry in the books and records of the Pennant Refining Company of the amount of motor fuel and gasoline sold to C. Morgan, and his punishment was assessed at a fine of $500.00.

This case grew out of the same transaction as that of H. E. Worbes v. State, *No. 16,645, recently decided by this court. In this case, as in the Worbes case, the appellant questions the sufficiency of the indictment, which, omitting the formal parts, reads as follows: " * * * That on or about the 5th day of May, A. D. 1933, and anterior to the presentment of this indictment, in the County and State aforesaid, F. L. Chinske was then and there an agent and employee of the Pennant Refining Company, which said Company was then and there a distributor of motor fuel and gasoline upon which a tax is required to be paid, and the said F. L. Chinske did then and there unlawfully and knowingly make a false entry in the books and records of the said Pennant Refining Company, in this: that the said F. L. Chinske did then and there knowingly make an entry in the books and records of the said Pennan Refining Company showing the sale of nine hundred and eighty-five (985) gallons of motor fuel and gasoline to C. Morgan which said entry of nine hundred eighty-five (985) gallons was false and untrue, in truth and in fact one thousand one hundred eighty-five (1185) gallons of motor fuel and gasoline was sold and delivered to the said C. Morgan by the said Pennant Refining Company at said time and place, and said entry if correct would have shown that one thousand one hundred eighty-five (1185) gallons of motor fuel and gasoline had been sold to the said C. Morgan at said time and place. The said F. L. Chinske then and there well knowing that said entry of nine hundred and eighty-five (985) gallons was false and untrue at the time he made the same."

The appellant earnestly contends that the indictment is vague, indefinite, and uncertain and does not apprise the appellant of the nature of the charge against him and does not set out in a language that a person can understand the purport of what it means. Section 15 of chap. 44 of an Act of the Regular Session of the 43rd Legislature, among other things, reads as follows:

"Whoever shall, as a distributor * * * or dealer, knowingly make any false entry or fail to make entries in the books and records required by the provisions of this Act to be kept by a distributor or dealer * * * shall be guilty of a felony and shall be punished by confinement in the State penitentiary for not more than two (2) years or by confinement in the county jail for not less than one (1) month nor more than six (6) months or by a fine of not less than One Hundred Dollars ($100.00) nor more than Five Thousand Dollars ($5000.00), or by both such fine and imprisonment."

The indictment charges the offense in the language of the statute and specifically states the elements of the offense with sufficient particularity to fully advise the defendant of the nature of the accusation against him and what he is to meet at the trial, which leads us to the conclusion that the indictment is sufficient.

The appellant's contention that the law was passed on March 14, 1933, and approved March 21, 1933, and therefore did not become effective until 90 days thereafter was decided adversely to appellant in the case of Worbes v. State, supra, for reasons therein stated.

By bills of exception 4 and 9 appellant complains of the action of the trial court in permitting S. N. Marrs to testify as to what he heard the appellant testify in the case of the State of Texas v. H. E. Worbes, because said testimony was hearsay and secondary evidence and was an attempt to compel the appellant to testify against himself. The bills do not show that the testimony was objected to at the time it was offered but the court's action in permitting the witness to testify was for the first time raised in his motion to set aside the verdict of the jury and the judgment of the court. We do not believe that the court committed any error in this respect for the reason that if the appellant testified in behalf of the State in the case of the State of Texas v. H. E. Worbes and did not claim his privilege that he may incriminate himself, he thereby waived the same and he could not upon his trial object to the reproduction of his testimony.

By bills of exception 5, 6, and 8 appellant complains of the action of the trial court in permitting the witness Elliott to testify that he stopped H. E. Worbes and examined his truck, because there was no allegation of conspiracy between the defendant and Worbes and anything that was done by said Elliott or Worbes out of the hearing of the defendant would be hearsay, but the bills fail to disclose what the witness Elliott testified to and the bills fail to show that said testimony was objected to at the time it was offered but was raised for the first time in a motion to set aside the verdict of the jury. An exception to the admission of evidence must be made at the time it is offered, and in support of our views we refer to the following cases: Ellis v. State, 57 Texas Crim. Rep., 601; Janca v. State, 56 Texas Crim. Rep., 100. Hence, the bills are overruled.

Bills of exception 2, 3, and 10 are without merit and the same are overruled.

By bill of exception No. 11 the appellant complains of the action of the court in not permitting the appellant to prove by the witnesses J. C. Ferguson, B. O. Keefe, Brown McCallum, and R. W. Dalby that the appellant's reputation for honesty, uprightness, and fair dealing was good, etc. It appears from the bill that no exception was taken to the action of the trial court and the same is raised for the first time by the appellant in his motion to set aside the verdict of the jury and the judgment of the court. If there was no objection taken to the action of the court in declining to permit these witnesses to testify to the reputation of the appellant at the time that they were offered, it could not be of any avail to the appellant in a motion to set aside the verdict of the jury and the judgment of the court.

Bill of exception No. 12 merely shows the question propounded to the witness and does not disclose what answer, if any, the witness made. Hence, the same does not disclose any error and it is overruled. Bill of exception No. 13 is in the same condition as bill of exception No. 12 and is therefore overruled.

Bill of exception No. 14 complains of the action of the trial court in not charging the jury affirmatively on the appellant's defense. No objection was made to the court's charge within the time prescribed by law. Hence, the same is overruled.

The statement of facts in this case being in question and answer form cannot be considered by this court, and therefore we are unable to pass upon the sufficiency of the testimony to support the verdict of the jury and the judgment of the court.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

*(See page 379 of this volume.)