## CARR T. HENRY V. THE STATE.

No. 19179.   Delivered November 17, 1937.
Rehearing Denied January 5, 1938.

The opinion states the case.

*G. D. Minick* and *Jones & Jones,* all of Mineola, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for rape upon a girl under the age of consent, punishment assessed being five years' confinement in the penitentiary.

We regret that the statement of facts is in such condition as to preclude consideration.   It is entirely in question and answer form.   Prior to the amendment of Art. 760, C. C. P., in 1931, this court had held that a statement of facts should be in narrative form, but some confusion had arisen because of the law with reference to statement of facts in civil cases.   At the first called session of the 42nd Legislature, page 75, chapter 34, section 1, of Art. 760 was amended to read as follows: "Where the defendant in a criminal case appeals, he is entitled to a statement of facts certified by the trial judge and sent up with the record; provided that said statement of facts shall be in narrative form."   See Phillips v. State, 125 Texas Crim.

Rep., 578, 69 S. W. (2d) 415; Koester v. State, 126 Texas Crim. Rep., 261, 71 S. W. (2d) 272; Worbes v. State, 126 Texas Crim. Rep., 379, 71 S. W. (2d) 872; Chinske v. State, 126 Texas Crim. Rep., 326, 71 S. W. (2d) 874; Adams v. State, 126 Texas Crim. Rep., 318, 72 S. W. (2d) 248.

One of the grounds upon which appellant sought a new trial was newly discovered evidence from two named witnesses. It is extremely doubtful if the diligence used to discover the testimony of one of the witnesses was sufficient. However, we do not discuss such point at length for the court in qualifying the bill refers us to the entire statement of facts, and the latter being in such condition that we can not consider it, this court is without means to determine whether the trial court was in error in overruling the motion for new trial. See Henderson v. State, 125 Texas Crim. Rep., 142, 67 S. W. (2d) 266.

The judgment is affirmed.

*Affirmed.*

GRAVES, J., absent.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing filed by counsel for appellant the contention is advanced that the bill of exception relating to the motion for new trial on the ground of newly discovered evidence should be considered by this court without reference to the statement of facts which is in question and answer form. The authorities are unanimous to the effect that the bills of exception appearing in the record cannot be considered by the reviewing court in the absence of the statement of facts. See Art. 760, Vernon's Ann. Tex. C. C. P., Vol. 3, also 1937 Cumulative Annual Pocket Part, same volume, p. 36, note 17. The rule is also well settled that in the absence of the evidence adduced upon the trial, the appellate court is unable to determine the relevancy and materiality of the matters set up in the motion for new trial. See Tex. Jur., Vol. 4, p. 243, sec. 173.

The motion for rehearing is overruled.

*Overruled.*