## O. R. CAMPBELL V. STATE.

No. 29,513. February 12, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) March 26, 1958.

*H. M. Bellinger*, San Antonio, for appellant.

*Hubert W. Green*, Jr., Criminal District Attorney, *K. Key Hoffman, Jr.*, Assistant Criminal District Attorney, San Antonio, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted in each of three counts in the information charging the offense of contributing to the delinquency of three named minors; the punishment was assessed at three months in jail on each count.

No statement of facts or a bill of exception certifying to any facts adduced upon the main trial accompanies the record.

In his motion for a new trial appellant sets up what he claims to be newly discovered evidence. A statement of facts on the hearing of the motion is in the record. The motion avers that Abner Jack Walls, Jr., was one of the persons named in the complaint to whom he had sold and given beer, but that he was unable to locate him before the trial; that since the trial he had obtained an affidavit from Walls which he attached in support of his motion. The complaint and information in the record do not allege that appellant gave or sold beer to Walls. No motion for continuance is in the record and no reference is made to such a motion. There is no allegation that Wall's testimony would probably change the result in the event of another trial.

4 Texas Juris., p. 243, Sec. 173, reads as follows:

"Motion for new trial.—Matters set up in a motion for a new trial which depend upon or require a consideration of the facts or the evidence adduced at the trial will not be considered in the absence of a statement of facts. For example, the overruling of a motion for a new trial on the ground of newly discovered evidence, or the absence of a witness, or grounds of the motion complaining of the insufficiency of the evidence, or that the verdict is contrary to or is not supported by the evidence, will not be reviewed in the absence of a statement embodying the evidence adduced at the trial."

This court cannot properly appraise the merits of the claim that new evidence has been discovered, that it was material to the defense, and would probably produce a different result upon another trial, in the absence of the evidence which was heard upon the main trial or a bill of exception certifying that it contains all the evidence introduced on the trial pertaining to the matter complained of. 4 Texas Juris., p. 234, Sec. 167; Anderson v. State, 90 Texas Cr. Rep. 408, 235 S.W. 885; Cantrell v. State, 103 Texas Cr. Rep. 268, 280 S.W. 595; Bradford v. State, 105 Texas Cr. Rep. 179, 287 S.W. 257; Reese v. State, 124 Texas Cr. Rep. 659, 64 S.W. 2d 1114; Blair v. State, 125 Texas Cr. Rep. 1, 66 S.W. 2d 317; Henry v. State, 151 Texas Cr. Rep. 284, 111 S.W. 2d 722.

The judgment is affirmed.

Opinion approved by the Court.