■ This court cannot properly appraise the merits of the claim that new evidence had been discovered, that it was material to the defense, and would probably produce a different result upon another trial, in the absence of the evidence which was heard upon the main trial or a bill of exception certifying that it contains all the evidence introduced on the trial pertaining to the matter complained of. 4 Tex.Juris., p. 234, Sec. 167; Anderson v. State, 90 Tex.Cr.R. 409, 235 S.W. 885; Cantrell v. State, 103 Tex.Cr.R. 268, 280 S.W. 595; Bradford v. State, 105 Tex.Cr.R. 179, 287 S.W. 257; Reese v. State, 124 Tex.Cr.R. 659, 64 S.W.2d 1114; Blair v. State, 125 Tex.Cr.R. 1, 66 S.W.2d 317; Henry v. State, 133 Tex.Cr.R. 435, 111 S.W.2d 722.

The judgment is affirmed.

Opinion approved by the Court.

**O. R. CAMPBELL**

v.

**STATE.**

No. 29514.

Court of Criminal Appeals of Texas.

Feb. 12, 1958.

H. M. Bellinger, San Antonio, for appellant.

Hubert W. Green, Jr., Dist. Atty., K. Key Hoffman, Jr., Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The convictions are under four counts in the information charging the delivery of beer to four named minors by a licensed retail dealer. The punishment was assessed at three months in jail on each count which were ordered by the court to run concurrently.

The disposition of this case is controlled by our opinion in Campbell v. State, 310 S.W.2d 740, and which is hereby referred to.

The judgment is affirmed.

Opinion approved by the Court.